## SHOECRAFT v. BAILEY.

1. **Innkeeper:** DISTINCTION BETWEEN GUEST AND BOARDER. The distinction between a guest and a boarder is this: The guest comes and remains without any bargain *for time,* and may go away when he pleases, paying only for the actual entertainment he receives; and that he has remained a long time in the inn, in this way, does not make him a boarder instead of a guest.

2. —— RULE APPLIED. The plaintiff came to the inn of defendant, and, after remaining there two or three days, informed him that he would be there frequently during the summer, and desired him to make some deduction from his regular charge per day, which he agreed to do. Nothing was said as to the *length of time* plaintiff expected to remain. On the day of this agreement, plaintiff handed his pocket-book, for safe-keeping, to the innkeeper's clerk, which was, on the same day, stolen from the desk of the office: *Held,* that plaintiff was a guest, and as such, entitled to recover for his loss, of the innkeeper.

3. —— NEGLIGENCE OF GUEST. It was further *held,* that the guest was not guilty of such negligence as to defeat his right to recover, in

not informing the clerk that there was money in the pocket-book, as the book was such an one 'as is commonly used for carrying money, and the evidence showed that the clerk understood that it contained money.

*Appeal from Clinton District Court.*

THURSDAY, OCTOBER 22. ·

THE petition charges, that the defendant was a hotel keeper, and that the plaintiff, who was his guest, delivered to him, for safe-keeping, his pocket-book containing $136, which, through carelessness of defendant, was lost. The answer of the defendant is a general denial of the allegations of the petition.

Trial by the court without a jury. Judgment for plaintiff in the sum of $136. Defendant appeals.

*E. S. Bailey* for the appellant.

*A. R. Cotton* for the appellee.

BECK, J. — I. The appellant contends that the evidence discloses the fact to be, that the plaintiff was a *boarder*,

1. INNKEEPER: distinction between guest and boarder.

and not a *guest*, at his inn, and that therefore he is not liable as charged in the petition. The evidence tends to prove that plaintiff, who was a lumberman, doing business upon the river, came to defendant's hotel, and, after remaining two or three days, informed defendant that he would be there frequently during the summer, and desired some deduction in the regular charge of the hotel. The defendant agreed to keep him for $1 per day, the regular price being $2. Nothing was said as to the length of time plaintiff expected to remain at the hotel. On the day of this agreement plaintiff handed to defendant's clerk his pocket-book, for safe-keeping, containing $136, which was, on the

same day, stolen from the desk of the office. Plaintiff left the hotel the same day.

The distinction between a guest and a boarder seems to be this: " The guest comes without any bargain *for time*, remains without one, and may go when he pleases, paying only for the actual entertainment which he receives; and it is not enough to make a boarder, and not a guest, that he has staid a long time in the inn in this way." 1 Parson's Contracts, 628 ; Story on Bailments, § 477.

The District Court properly held, that the plaintiff was a guest of the defendant.

II. It is urged that plaintiff was guilty of negligence in not informing defendant's clerk that there was money in the pocket-book, and that, therefore, defendant is not liable. The evidence shows that plaintiff said nothing about the contents of the pocket-book, but clearly establishes that the party receiving it understood that it contained money. Being such a pocket-book as is commonly used for carrying money, it was not necessary to inform the clerk of its contents in order to awaken his watchfulness. He was bound to use extraordinary care over it ; and the landlord is liable for its loss under the circumstances disclosed by the evidence. Story on Bailments, § 470.

3. —— negligence of guest.

Affirmed.