THE PEOPLE OF THE STATE OF CALIFORNIA, RESPONDENTS, *v.* WILLIAM ST. CLAIR, APPELLANT.

CRIMINAL LAW.—INDICTMENT FOR BURGLARY.—In an indictment for "entering a *room* or *apartment,* with the intention to commit larceny," it is right to charge the ownership of the room to be his who rented it from one who had the general supervision and control of the whole house, and occupied the same as a lodger.

APPEAL from the County Court of the City and County of San Francisco. ·

Defendant was indicted, jointly with one John O'Donnell, for the crime of burglary.

The indictment charges that defendant, with force, etc., did break and enter the house, room, apartment and tenement of one Frank Garcia, with intent, then and there, in said room, etc., to commit larceny.

Defendants demanded separate trials. On the trial of St. Clair, it appeared that said Garcia occupied the room alleged to have been entered, as a lodger, in a house kept by one Mrs. Chapelle.

It further appears that Mrs. Chapelle was the tenant and lessee of the whole house ; that she resided there ; that the said Garcia rented the room occupied by him, from her ; that the said Garcia, and the said Chapelle, used the same outer door in common, and that Mrs. Chapelle had the general supervision and control of the whole house.

Defendant, at the proper time, requested the Court to charge the jury, that if they should find the facts to be as above stated, they ought to acquit the defendant on the ground of a variance between the allegations in the indictment and the proof.

This instruction the Court refused to give, to which refusal the defendant excepted. The defendant was convicted, and the Court below refusing to grant him a new trial, he appealed to this Court, and assigns as error the refusal of the Court below to give the above instruction.

*A. H. Snow,* for Appellant.

*Jo Hamilton,* Attorney General, for Respondents.

SAWYER, C. J., delivered the opinion of the Court:

The defendant was indicted for burglary in entering "the house, room, apartment and tenement of one Frank Garcia," etc. It appeared in evidence that Frank Garcia occupied the room entered "as a lodger, in a house kept by one Mrs. Chapelle;" that Mrs. Chapelle was the tenant and lessee of the whole house; that she resided there; that Frank Garcia rented the room occupied by him from her; that the said Garcia and the said Chapelle used the same outer door in common, and that Mrs. Chapelle had the general supervision and control of the whole house. It is claimed that there is a fatal variance between the proofs and the allegations of the indictment as to the ownership of the room rented. It is insisted that the room should have been alleged as the property of Mrs. Chapelle. But we think it well laid in Garcia, under the fifty-eighth section of the Criminal Code, which makes the entry, under the circumstances designated, into "any house, *room, apartment* or tenement," etc., a burglary. Garcia rented the room of Mrs. Chapelle, and although she was lessee of the whole house, the room was his for the time being. We think the defendant properly convicted on the evidence.

Judgment and order affirmed.