## POLLOCK v. LANDIS.

1. **Innkeeper:** LIEN OF. ·Upon the goods of a guest an innkeeper has a lien. Upon those of a mere boarder he has not. ·

2. —— PLEADING. An allegation that one " boarded " with the innkeeper does not affirmatively show that he was entertained in the character of a *boarder* as distinguished from a guest.

*Appeal from Linn District Court.*

THURSDAY, JUNE 19.

ACTION of replevin for horses, a wagon and a set of double harness.

The defendant states in his answer that at and before the commencement of the suit he was and still is the proprietor and keeper of a hotel in Marion in said county; that the plaintiff boarded with defendant, and defendant kept, stabled and fed the horses described in said petition for the space of about eight weeks. That plaintiff is indebted to defendant on account of said board and the keeping of said horses in the sum of $81; that defendant detained said property as security for said sum, and that by virtue of his boarding the plaintiff, and also keeping and feeding plaintiff's horses he has a landlord's lien on the same for the amount due him; that plaintiff has neglected and refused to pay the said sum.

To this answer the plaintiff demurred, the principal ground of demurrer being that the answer states facts which avoid the cause of defense, in setting out that plaintiff as a boarder boarded and lodged with defendant as a hotel keeper. This demurrer the court overruled. Plaintiff excepted, and appeals.

*Thompson & Davis* for the appellant.

*Preston & Son* for the appellee.

DAY, J. — There are two classes of persons who are entertained by innkeepers for reward, guests and boarders.

Upon the goods of the former the innkeeper has a lien, but upon those of the latter he has not. 2 Parsons (5th ed.), 150, and cases cited.

It is not pertinent to this case to consider under what circumstances a person falls within the one or the other of these classes. The only question now presented is : Does the answer show that plaintiff remained with defendant in the character of a boarder, and not in the capacity of a guest ?

The allegation of the answer is *that the plaintiff boarded with defendant.* Boarded is the imperfect tense of the verb board, which means, to receive food as a lodger, or without lodgings, for a compensation. A lodger is one who lives at board, or in a hired room, or who has a bed in another's house for a night. Webster's Dictionary. The allegation that plaintiff boarded with defendant is merely an averment that he received food from defendant for a compensation. The answer does not state whether he received this food as a boarder or as a guest. Under the allegations of the answer he may have received it in either capacity. And the answer being thus uncertain, might have been vulnerable to a motion for a more specific statement.

But as it does not appear upon the face of the answer that plaintiff was entertained as a boarder, the answer does not state facts which avoid the cause of action, and the demurrer was properly overruled.

The answer also alleges that plaintiff boarded with defendant "for the space of about eight weeks." But mere duration of time does not determine one's character as a guest or a boarder. See 2 Parsons on Contracts (5th ed.), pages 150–152, and cases cited. *Shoecraft* v. *Bailey*, 25 Iowa, 553.

Affirmed.