[No. 529.  Decided July 12, 1892.]

THE STATE OF WASHINGTON, *Respondent*, v. GEORGE JOHNSON, *Appellant*.

BURGLARY—OWNERSHIP OF ROOM IN HOTEL—INFORMATION—VENUE.

 Where a room in a hotel is leased for a definite period of time by one who keeps his effects there and makes it his home, and does not occupy it merely as a guest, an information against a person for burglariously entering such room, should allege that it is the dwelling house of the roomer, and not of the hotel keeper.

Where the information alleges that the burglarious entry of a house was made in a certain county, it is a sufficient averment that the house was within that county.

*Appeal from Superior Court, King County.*

*Fishback, Hardin & Meek*, for appellant.

*John F. Miller*, Prosecuting Attorney, and *James A. Haight*, for The State.

The opinion of the court was delivered by

ANDERS, C. J.—The information charges the defendant with the crime of burglary in entering, in the night time, the dwelling house of Walter Bradley, with intent to commit a felony therein.

It appears from the evidence that the building in which the crime is alleged to have been committed was a hotel and boarding house, in the town of Kent, King county, known as the Central House, kept by one Pillman, who did not reside in the house, but lived some distance away in his own private dwelling; that Bradley was an unmarried man, and a resident of Kent, and for some time prior to the commission of the alleged offense, had occupied a room in the building at the head of the common stairway, for which he paid Pillman a weekly rental in advance; that he kept his

personal effects in his room, and at that time had no other place of abode; that at about 3 o'clock of the night of August 24, 1891, he was aroused by a noise, and discovered the defendant in the room, apparently in the act of taking a valise which had been left lying upon the floor, and that the defendant, before entering, had removed his shoes and hat, and deposited them together on the outside of the door.

It is contended by the learned counsel for the defendant that there is a fatal variance between the testimony and the averments of the information as to the ownership of the room in question. He strenuously insists that Bradley was a mere guest at the hotel, and that the room occupied by him should have been laid in the information as the dwelling house of Pillman. While not denying that, at common law, the chamber of the guest at an inn is the dwelling house, or mansion house, of the innkeeper, the learned counsel for the state insist that the relation of landlord and guest did not exist in this instance; that Bradley was not a guest at the Central House, and that, therefore, the rule as to guests is not applicable.

A guest is defined as "a traveler who lodges at an inn or tavern with the consent of the keeper." Black's Law Dictionary, title, "Guest." But while a guest is a traveler, it is not necessary that he should come from another state or country, or from any distant place. Any person going from his own home, whatever the distance may be, and applying for and receiving accommodations at a hotel, is a traveler, and therefore a guest. *Walling v. Potter*, 35 Conn. 183. But "if a person comes upon a special contract to board and sojourn at an inn, he is not in the sense of the law a guest, but is deemed a boarder." *Hursh v. Byers*, 29 Mo. 470. See also *Shoecraft v. Bailey*, 25 Iowa, 553; *Lusk v. Belote*, 22 Minn. 468.

From the foregoing decisions, and many others which

might be cited, it will be seen that Bradley was not, in legal contemplation, a guest at the Central House at the time the defendant entered his room.   The reason given by Lord Hale why a chamber in an inn is not the dwelling house of the guest, was that the guest has no interest in his chamber, but only the temporary use of it for his lodgings.   *Rodgers v. People*, 86 N. Y. 360, 40 Am. Rep. 548.   But that reason does not apply in this case, for Bradley had an interest in the room rented by him, and even the proprietor of the house had no right to disturb his possession thereof until the expiration of the time for which he had paid for the use and occupation of it.   He had no other house or place of residence, and if the room occupied by him was not his dwelling house, it follows that he had no dwelling house whatever.   We think the ownership was properly alleged in the information.   In *People v. St. Clair*, 38 Cal. 137, it was held that the ownership of a room rented from one who had supervision and control of the whole house, and who resided therein, was properly laid in the person who rented it, for the reason that "the room was his for the time being."   See also *Mason v. People*, 26 N. Y. 200. Upon this question an eminent text writer on criminal law says:

"According to the strict common law rule, where the chamber of a guest at an inn is forced open and his goods stolen, the burglary must be laid in the dwelling house of the landlord, and in all cases where the occupier has the transient use merely, and no interest in the apartments he occupies, it is the same.   But, if the lodgers lease their apartments for definite periods, the old rule ceases to be applicable, and the apartment may be laid as the tenant's dwelling."   1 Whart. Crim. Law (9th ed.), § 802.

Even under the "strict common law rule" the chambers in colleges and inns of court were held to be the dwellings of the occupants so far as their burglarious entry is concerned, and the same rule applied to chambers hired by one person in the house of another for lodgings for a definite

period of time. *Mason v. People, supra.* Bishop says, "in burglary ownership means any possession which is rightful as against the burglar." 2 Bish. Crim. Proc. 137. And this being so, the ownership may be laid in the occupant whose possession is rightful as against the burglar, although unlawful as against the person claiming title to the property. *Id.* 138; *Smith v. People,* 115 Ill. 17; *Houston v. State,* 38 Ga. 165.

The further point is made by appellant that the information is insufficient in not alleging that the building charged to have been burglariously entered was within the body of the county. But we think the objection is not well taken. The burglarious entry of the house is alleged to have been made in King county, and that is a sufficient averment that the house was within the body of that county.

We think the defendant had a fair trial, and was rightfully convicted on the evidence, and the judgment of the court below is, therefore, affirmed.

DUNBAR, SCOTT, HOYT and STILES, JJ., concur.