(23 Misc. Rep. 698.)

## METZGER v. SCHNABEL.

(Supreme Court, Appellate Term. June 6, 1898.)

INNKEEPER AND GUEST—WHEN RELATION EXISTS.

In an action to recover the value of certain wearing apparel, it appeared that the plaintiff had rented from the defendant a room in the latter's hotel at the agreed price of $1.25 per week, and that the apparel in question had disappeared therefrom in an unexplained manner, and without any negligence on the plaintiff's part, and during his absence. The plaintiff testified, without contradiction, that he was an officer in the German army, and also that he was a wayfarer here, and it did not appear that he had bargained to stay at the hotel for any particular time. Held, that the relation of innkeeper and guest existed between the parties, and that a judgment for the defendant was erroneous.

Appeal from Seventh district court.

Action by Hugo Metzger against Charles Schnabel. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Louis Scheuer, for plaintiff.

Wasserman & Jacobs, for defendant.

PER CURIAM. The plaintiff brought this action to recover the value of some wearing apparel which disappeared during the absence of plaintiff, and without any negligence on his part, in a manner unexplained, from a room in defendant's hotel which the plaintiff rented of defendant. At the conclusion of defendant's testimony the trial justice dismissed the complaint. The pleadings are in writing, and the allegation in the complaint that the premises in which the plaintiff rented the room is a duly-licensed hotel or inn is not denied by the answer. Furthermore, the witnesses called by defendant state that the place in question, kept by defendant, is an hotel. The exact relation of the parties is not clearly defined by the testimony. It would seem that the justice, having dismissed the complaint, found that the relationship of innkeeper and guest was not established; for, if that was the true relationship of the parties, under the circumstances of this case, as disclosed by the evidence, the defendant is liable for the loss that the plaintiff sustained. From a careful examination of the entire testimony, we are unable to discover any testimony to support this conclusion. As we have already seen, the character of defendant's establishment is conceded to be an hotel. It also appears that plaintiff rented a room there, which

was cared for by defendant, and that there were two keys to the
room,—one carried by plaintiff, the other kept by defendant.    It
does not appear that the plaintiff bargained to remain for any partic-
ular time, although it is true that the agreed price of the room was
to be $1.25 per week.   But a special agreement fixing in advance
the price to be paid, or the length of the stay, does not absolutely
disturb the relation of innkeeper and guest, and constitute the per-
son so acting a boarder or lodger.   11 Am. & Eng. Enc. Law, 12,
15.   A guest has been defined to be one who "comes without any
bargain for time, remains without one, and may go when he pleases,
paying only for the actual entertainment which he receives;  and
it is not enough to make him a boarder, and not a guest, that he has
stayed a long time in the inn in this way."   Shoecraft v. Bailey, 25
Iowa, 553, citing 2 Pars. Cont. 162; Story, Bailm. § 447.   But the
more recent decisions of this state hold that the fixing of the price
does not make the party a boarder.   Hancock v. Rand, 94 N. Y. 8.
A boarder has been defined to be one who "has food or diet and
lodging in another's family for reward."   2 Am. & Eng. Enc. Law,
437.   A lodger is one who "inhabits a portion of a house of which
another has the general possession and custody."   13 Am. & Eng.
Enc. Law, 1003.   We do not think the testimony will warrant the
conclusion that there was an arrangement between the parties which
constituted an explicit contract that deprived the plaintiff of the
privileges and rights of a guest.   It is uncontradicted that plaintiff
is an officer in the German army, and, although his employment in
this city at the time of the loss would indicate that he had taken up
his residence here, it does not overcome his direct testimony that he
was an officer in the German army, and a wayfarer here.   The com-
mon law holds the innkeeper absolutely liable for all thefts from
within, or unexplained losses of property in his charge, belonging
to his guest, although he may be discharged from liability by any con-
tributory negligence of the guest.   11 Am. & Eng. Enc. Law, 51, 53.
In this case, as we have seen, there is no question of any contributory
negligence, nor has defendant furnished any explanation of the loss.
In the case of Mowers v. Fethers, 61 N. Y. 37, our court of last resort
hold that:

"The duties, rights, and responsibilities of an innkeeper are in most respects
kindred to those of a common carrier; but, in order to enforce the strict
common-law liability of an innkeeper, the technical relation of guest and
innkeeper must be established."

The duty of a boarding-house keeper or lodging-house keeper to his
boarder or lodger is to take the same care of his boarder's or lodg-
er's property that a prudent person takes of his own;  and the trial
justice has presumably adopted the view that this relationship ex-
isted between the parties, that defendant has shown that he took the
care required of plaintiff's property, and that defendant was conse-
quently not liable for the loss.   We do not concur in this conclu-
sion.   We are of opinion that the relationship of innkeeper and guest
existed between the parties.   The case of Hancock v. Rand, supra,
supports the appellant's case, and is applicable to the facts here pre-
sented.

We are of opinion that the conclusion reached by the trial justice is wholly unwarranted by the evidence, and that the judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.