ANDREW NELSON v. J. B. JOHNSON.[1]

June 12, 1908.

Nos. 15,731—(196).

**Liability of Public Lodging House Keeper.**
> The defendant held out his house, of which he was the keeper, as a
> hotel in which furnished rooms were to let for a single night or longer
> time. In the regular course. of business he let, without special contract,
> at stipulated prices, rooms therein for a single night or a longer time, as
> was desired, to all who applied in a fit condition to be received. He kept
> an office therein, which was in charge of clerks and open at all hours for
> the reception of guests, in which a register was kept for the guests to in-
> scribe therein their names and addresses. There were not maintained at
> or in connection with the house any facilities for supplying guests with
> food, and none was furnished to them by the defendant. *Held*, that the
> house was a public hotel, and that the defendant, as keeper thereof, was
> liable to the plaintiff, a traveler who was a guest therein, for money
> stolen in the nighttime from him, while he was in his room, without the
> negligence of either party.

Action in the municipal court of Minneapolis to recover $96, of
which sum $95 was alleged to have been stolen from plaintiff while
lodging in defendant's hotel. The case was tried before Waite, J.,
who made findings, and ordered judgment in favor of plaintiff. From
the judgment entered pursuant to the order, defendant appealed. Af-
firmed.

*Velikanje & Alcott*, for appellant.
*Thomas Kneeland*, for respondent.

START, C. J.

The facts in this case, as found by the trial judge, are substantially
these: The defendant, on and prior to November 16, 1907, was the
keeper of a house for the entertainment of travelers and transient
lodgers known as the "Bridge Square Hotel," in the city of Minnea-
polis. There was publicly displayed upon the front of the building
the name "Bridge Square Hotel," and a sign advertising to the public

[1] Reported in 116 N. W. 828.

that furnished rooms were there to let for a single night. There were thirty six rooms so to let in the building, in which there was an office for the reception of guests seeking to hire rooms for the purpose of lodging therein. The defendant, in the due and regular course of his business, let the rooms to such persons who were in fit condition to be received therein and who paid therefor certain stipulated prices, without special contract, for a single night, or such longer period as they might desire, and the persons so hiring the rooms customarily inscribed their names and addresses in a register kept in the office for that purpose. The defendant employed two clerks to have charge of the office and keep the same open for the reception of such guests at all hours of the day and night. There was not maintained at or in connection with the place any dining room or other place where food was customarily supplied to the lodgers, or to other persons beside the defendant and his family and employees. On the day named the plaintiff, who was then a traveler temporarily sojourning in the city, hired of one of defendant's clerks in the office a room to be used by him for the purpose of lodging therein on the night of that day and the following night, paying therefor the sum of fifty cents. At the time of such hiring he was invited to write his name in the register, and so did, and thereupon a room was assigned to his use, without examination thereof on his part or special contract therefor. While the plaintiff was so occupying the room, and during the night, there was stolen from his clothing therein $95, without negligence on the part of either him or the defendant.

Upon these facts the trial judge found as a conclusion of law that at the time of the loss of the money the defendant and plaintiff stood in the respective relations to each other of common innkeeper and guest, and that the plaintiff was entitled to judgment against the defendant for $95. Judgment was so entered, from which the defendant appealed.

The sole question for our decision is whether the facts found sustain the conclusions of law. It is the contention of the defendant that the facts found do not sustain the conclusions of law, because no provision was made in his house for serving meals to his guests. Therefore it was not an inn or hotel, but a mere lodging house, and

the extraordinary liability of a common innkeeper was not imposed upon him. The plaintiff's loss was not due to any negligence on the part of the defendant; hence if he was not an innkeeper he is not liable for the loss, but if he was he is so liable. The question, then, in its last analysis, is: Was the defendant's house a hotel or inn?

There is no substantial difference, as to the rights and liabilities of the keepers thereof, between an inn and a hotel; for in this country the legal definition of each is practically the same. If the defendant had furnished his guests with food, his house would have been, without question, an inn, within the present legal meaning of that term. In early days and under primitive conditions it was necessary, in order to bring a place within the legal definition of an inn, and to charge the keeper thereof with liability as such, that lodging, food, drink, and stabling should be furnished to travelers. But as cities grew, and modes of living, travel, and transportation of persons changed, the legal definition of an inn was modified thereby, and a bar to supply guests with drink and a stable for the care of their horses are now no longer essential requisites of an inn. Why, then, should a dining room, or a café or a restaurant, to supply guests with food, be now held an essential requisite of an inn or hotel? The reason for holding that the supplying of guests with food is a necessary requisite of an inn has as effectually ceased as it has with reference to the supplying of drink and stabling. On the other hand, the reason for imposing the liability of a common innkeeper upon a hotel keeper who furnishes lodgings only is still just as potent as it ever was for imposing it in any case. Therefore the justice and necessity of enforcing the liability against the proprietor of a house at which no meals are served, but which he holds out to the public as a hotel, and not as a private lodging house, are just as imperative as they would be if meals were served therein.

The reasons for this conclusion cannot be better stated than they were by the learned trial judge in his able and helpful memorandum:

"It seems to me impossible to suggest any reason why, upon principle, the extreme degree of liability should or should not be imposed upon the keeper of a place where the traveling public are offered lodgings, according as he does or does not furnish meals for his lodgers. * * * The need for protection to the traveler's prop-

erty is incident to his lodging, and not to his eating. It is while he is asleep in his bed, and his personal belongings are unguarded by his own watchfulness, that for the security of his property he needs to invoke the most stringent rules of the law of bailment. Especially in large cities does he need this protection. The exigencies of travel bring him often to unfamiliar places, and at hours and under conditions when investigation is impracticable. He must go for bed and shelter to the place which he finds open for his accommodation, trust himself and his property to a stranger, and accept, practically without opportunity for selection, the quarters assigned to him. The rush and turmoil of the city afford to the thief his most attractive field of operation, and the stranger more than others is exposed to his depredations. * * * These considerations lead to the conclusion that the necessities of modern life demand that the extreme degree of responsibility for the property of the guest be applied to the keeper of a place of entertainment for travelers according to the essential features of the relation, and not in fixed adherence to old definitions, or according to the name by which the place is known—whether 'inn,' 'hotel,' or 'lodging house.' "

It is, however, stated in many of the text-books and encyclopedias that a place which does not furnish the traveler with both lodging and food is not an inn. Nearly all of the adjudged cases cited in support of this proposition rely upon the very interesting opinion of Judge Daly in the case of Cromwell v. Stephens, 2 Daly, 15, in which it is stated that a mere lodging house, in which no provision is made for supplying lodgers with their meals, wants one of the essential requisites of an inn. The question at issue in that case was, not whether the proprietor of the house was liable to his guests as a keeper of a common inn, but whether the house was a hotel within the meaning of an ordinance fixing water rates for hotels. An examination of the cases cited in that opinion raises a grave doubt whether facilities for furnishing guests with meals was, even at the time the decision was made, an essential requisite of a hotel. However this may be, the question is an open one. Mr. Schouler says: "Whether the utter omission to provide a place for meals on the premises is enough to take a house for transient lodgers out of the legal fellowship of inns, is not clearly determined." Schouler, Bail. § 278.

The question here under consideration was before this court in the case of Johnson v. Chadbourn Finance Co., 89 Minn. 310, 94 N. W. 874, 99 Am. St. 571, but was not directly decided, for the reason that there was a restaurant connected with the hotel in question in that case, although it was not owned or controlled by the proprietor of the hotel. The logic of that case, however, leads directly to the conclusion that supplying guests with meals is not now one of the essential requisites of a hotel, in order to charge the proprietor thereof with the liability of a keeper of a common inn; and we so hold.

There is a clear distinction between a mere private lodging house and a hotel where no meals are served. Such a hotel or inn is a house the proprietor of which "holds out that he will receive all travelers and sojourners who are willing to pay a price adequate to the sort of accommodation provided, and who come in a situation in which they are fit to be received." The keeper of such a house is bound, without making any special contract therefor, to provide for all, to the limit of his facilities, at a reasonable price; but the proprietor of a private lodging house is not bound to receive all who apply, but he has the right to select his guests, contracting specially with each. The facts found in this case clearly justify the conclusion of law that the defendant was liable as the keeper of an inn or hotel.

Judgment affirmed.