KIEFFER v. KEOUGH.   (No. 7188.)

(Court of Civil Appeals of Texas. Galveston. June 9, 1916. Rehearing Denied June 29, 1916.)

1. INNKEEPERS ⬤⟲13—LIEN FOR HOTEL BILL —"HOTEL."

A rooming house, where both furnished and unfurnished rooms are rented by the day, week, or month, and bell-boy service, lights, water, heat, phone and laundry service furnished, *held* a "hotel" within Vernon's Sayles' Ann. Civ.

St. 1914, art. 5663, providing hotel keeper's lien for unpaid hotel bill.

[Ed. Note.—For other cases, see Innkeepers, Cent. Dig. §§ 42–46; Dec. Dig. ☞13.]

For other definitions, see Words and Phrases, First and Second Series, Hotel.]

2. INNKEEPERS ☞13—LIEN FOR UNPAID HOTEL BILL—"GUEST."

A person who rented an unfurnished room at such hotel by the month, and furnished the same with his own furniture, and received the other services of such hotel, *held* a guest, and his property subject to a lien for his unpaid hotel bill.

[Ed. Note.—For other cases, see Innkeepers, Cent. Dig. §§ 42–46; Dec. Dig. ☞13.]

For other definitions, see Words and Phrases, First and Second Series, Guest.]

3. INNKEEPERS ☞13—LIEN—OWNERSHIP OF PROPERTY—NOTICE OF PROPRIETOR.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 5663, property in the possession of hotel guest is subject to a hotel keeper's lien, though it belonged to a third person, if the proprietor had no notice of the true ownership.

[Ed. Note.—For other cases, see Innkeepers, Cent. Dig. §§ 42–46; Dec. Dig. ☞13.]

Appeal from District Court, Harris County; Chas. E. Ashe, Judge.

Action by John Kieffer against E. T. Keough. Judgment for defendant, and plaintiff appeals. Reversed and rendered.

W. E. Monteith, of Houston, for appellant. Cooper & Merrill, of Houston, for appellee.

LANE, J. For a statement of this case we here adopt the findings of fact filed by the trial court, together with such additional statements as is necessary to make said statement complete, as follows:

Some time prior to February 1, 1912, and ever since said date, John Kieffer, the defendant, has been the proprietor and manager of a rooming house called Hotel Stratford, situated in the city of Houston, Harris county, Tex., at No. 414 Fannin street. Between February 1, 1912, and October 1, 1912, defendant's principal business as proprietor and manager of said house was renting furnished rooms to guests by the day, week, or month, furnishing the occupants of said rooms bell-boy service, lights, water, heat, and phone service, taking laundry for guests and sending it out for them and paying the bills when it was returned, charging same to the guests of the respective rooms. At said time defendant had eight or ten unfurnished rooms, which he rented unfurnished when tenants could be secured, and during said time defendant had a fixed rate for each class of accommodation, a certain rate for certain rooms by the day, week, or month furnished, and certain rate for unfurnished rooms, and the rate charged the plaintiff was the usual rate charged guests for unfurnished rooms. On or about February 1, 1912, for a consideration of $30 per month, the defendant rented plaintiff, upon a monthly rental, certain of said unfurnished rooms for

housekeeping purposes, with all the other conveniences, rights, and privileges of guests occupying the furnished rooms of said house, and a few days afterwards plaintiff, who was then and is now a married man, moved into said rooms with his wife, and continuously occupied and used same as living and housekeeping rooms for himself and wife until about the 1st day of October, 1912. Plaintiff and his wife, during his occupancy of said rooms, furnished same at their expense with suitable household furniture and furnishings for housekeeping purposes, and all of said household furniture and furnishings on the several dates inquired about herein belonged to the plaintiff, E. T. Keough, except the piano, sewing machine, bedding, and linens which then and now belong to plaintiff's wife as her separate property, having been acquired by her before her marriage to the plaintiff. Upon leaving said property and premises on or about October 1, 1912, plaintiff was indebted to the defendant in the sum of $82.50 for room rent and laundry bills. Plaintiff at this time attempted to move the said furniture and belongings of himself and wife, but was forcibly prevented from doing so by the defendant, who has ever since retained and held the same, claiming a hotel keeper's lien thereon to secure the said sum of $82.50 due as aforesaid. During none of the times or dates mentioned herein did the defendant in the conduct and management of said house serve meals or refreshments of any kind to his guests. The plaintiff and his wife are the owners of all the property sued for and described in the trial pleadings of the plaintiff, and the defendant is forcibly holding and retaining the same, claiming a hotel keeper's lien thereon to secure said $82.50. Appellant's hotel was advertised and maintained as an European plan hotel. It had a sign across its door and in front of its main entrance, to wit, Stratford Hotel. It was held out to the public generally by its proprietor as a hotel for guests. It was conducted and maintained like other European plan hotels were conducted and maintained. A hotel clerk was employed who kept a regular hotel register of all guests, and all guests who applied for accommodation were received to the capacity of said hotel. The lien asserted by appellant upon said property was, by virtue of article 5663, Vernon's Sayles' Statutes, which provides that:

"Proprietors of hotels and boarding houses shall have a special lien upon all property or baggage deposited with them for the amount of the charges against them or their owners if guests at such hotels and boarding houses."

On the 29th day of September, 1914, E. T. Keough filed his petition before A. R. Hamblen, judge of the Eleventh district court of Harris county, in which he alleged that appellant, Kieffer, was doing business under the name of the Stratford Hotel, that he was

a married man, the head of a family, and that the property in question was and is his household furniture and exempt from forced sale, etc., and, further, that appellant was unlawfully withholding said property from him. He prayed for a mandatory injunction to compel appellant to restore to him said property, and for the possession of the same, and that in the event said property could not be recovered, he have judgment against appellant for $1,000, the alleged value of the same. Appellant answered, setting up the facts as found by the court, and also set up his lien and prayed for its establishment by the court. The cause was tried before the court without a jury, who rendered judgment, refusing the alleged lien, and in favor of appellee, Keough, for the title and possession of the property sued for, and awarding a writ of possession and mandatory injunction prayed for, commanding appellant to forthwith deliver to appellee, Keough, the property in question. From such judgment John Kieffer has appealed.

The trial court filed his findings of facts as set out in the first part of this opinion, and has filed the following conclusions of law:

"I conclude as matter of law that the kind of house the defendant was running was not a hotel or boarding house within the purview of the statute giving such persons a lien upon the effects of guests for their charges, and was not an inn or tavern at common law, and that he is not therefore entitled to any lien on the property or chattels of the plaintiff now in his possession, and that the plaintiff for himself and wife is entitled to recover the possession thereof."

Appellant presents two assignments of error by which he contends that the trial court erred in concluding that the evidence shows that the Stratford Hotel was not a "hotel or boarding house" as these terms are used in article 5663, Vernon's Sayles' Statutes, and, in rendering judgment for appellee upon such conclusion. Appellee's contention is that said Stratford Hotel is a lodging house, and not a "hotel or boarding house" as those terms are used in said article 5663, and therefore appellant had no lien on his household goods deposited in the rooms of said hotel, while appellant's contention is that said hotel is a "hotel" as that term is used by said statute. These contentions constitute the matter presented for our decision. If the Stratford Hotel was, at the time E. T. Keough and wife began the occupancy of some of its rooms, under the terms and conditions as shown by the evidence, a "hotel or boarding house," as these terms are used in said article 5663, and continued to be such until they left the same, and they occupied said rooms as guests of said hotel, the property in question is subject to the lien asserted by appellant, Kieffer. It follows then that the important and controlling questions are: First, was the Stratford Hotel a "hotel or boarding house" as those terms are used in said article 5663? and, second, did Keough and wife occupy

rooms therein as "guests" as that term is used in said article? In the case of Nelson v. Johnson, 104 Minn. 440, 116 N. W. 828, 17 L. R. A. (N. S.) 1259, the Supreme Court of Minnesota said:

"In early days and under primitive conditions it was necessary, in order to bring a place within the legal definition of an inn, and to charge the keeper thereof with liability as such, that lodging, food, drink, and stable should be furnished to travelers. But as cities grew, and modes of living, travel, and transportation of persons changed, the legal definition of an inn (hotel or boarding house in the instant case) was modified thereby, and a bar to supply guests with drink, and a stable for the care of their horses, are now no longer essential requisites of an inn. Why, then, should a dining room, or a café, or restaurant, to supply guests with food be now held an essential requisite of an inn or hotel? The reason for holding that the supplying of guests with food is a necessary requisite of an inn (hotel) has as effectually ceased as it has to the supplying of drink and stabling."

It has also been held that the proprietor of a hotel conducted on the European plan is responsible for his guests' effects as an innkeeper. Krohn v. Sweeney, 2 Daly (N. Y.) 200; Bullock v. Adair, 63 Ill. App. 30; Johnson v. Chadbourn Finance Co., 89 Minn. 310, 94 N. W. 874, 99 Am. St. Rep. 571. In the case of Johnson v. Chadbourn Finance Co., supra, the Supreme Court of Minnesota held that a building, the upper floors of which were used for sleeping apartments, and the lower floor for an office by the proprietor, was a hotel, when the business was concededly conducted as other hotels are conducted, except that the proprietor did not furnish meals for the guests. In speaking of this case the same court, in the case of Nelson v. Johnson, supra, said:

"The logic of that case, however, leads directly to the conclusion that supplying guests with meals is not now one of the essential requisites of a hotel, in order to charge the proprietor thereof with the liability of a keeper of a common inn."

In the case of Fay v. Pac. Imp. Co., 93 Cal. 253, 26 Pac. 1099, 28 Pac. 943, 16 L. R. A. 188, 27 Am. St. Rep. 198, it is held that a hotel is none the less one because in some respects it may be conducted differently than other public hotels, so long as it is held out to the public as a place for the entertainment of all persons who may have occasion to patronize it; that modes of entertainment alter with the fashion of the age, and to preserve a clear definition is not easy; that it is not wayfarers or travelers from a distance that at the present day give character to an inn, the point being rather that people resort to the house habitually, no matter whence coming or where going. In Bernstein v. Sweeny, 33 N. Y. Super. Ct. (1 Jones & S.) 271, 274, it is held that the term "hotel," within the meaning of a statute, includes the class of hotels commonly known as "European."

[1] While there is much conflict in the decisions of the courts of the various states as

to the proper definition of a "hotel," as that term is now used in the statutes, we think the great weight of authority supports the definition given by the cases above cited. We therefore hold that the building of appellant, Kieffer, in which appellee, Keough, deposited the property in question is a "hotel," as that term is used in said article 5663 of our statute.

[2] .We now come to the more difficult question; that is, Were E. T. Keough and wife "guests" of said hotel as that term is used in said statute? Again, on this question we find much conflict in the decisions of the courts. The word "guests" is defined in the cases cited below as follows: A guest is a lodger at a hotel. Comer v. State, 26 Tex. App. 509, 513, 10 S. W. 106, 107 (citing Webster Dict.). A "guest" is defined as a visitor sojourning in the house or entertained at the table of another. Odell v. New York Cent. & H. R. R. Co., 18 App. Div. 12, 45 N. Y. Supp. 464–465 (citing Cent. Dict.). A "guest" is defined as "a traveler who lodges at an inn or tavern with the consent of the keeper." State v. Johnson, 4 Wash. 593, 594, 30 Pac. 672, 673 (citing Black's Law Dict. tit. "guest"). The term "guest" in-cludes a traveler who goes to a house held out to be an inn for the purpose of receiving such entertainment as he has occasion for. Pinkerton v. Woodward, 33 Cal. 557, 597, 91 Am. Dec. 657. The guest comes to the inn without any bargain for time, and remains without one, and may go when he pleases, paying only for the actual entertainment which he receives; and the fact that one stayed a long time at an inn is not sufficient to make him a boarder, and not a guest. Schoecraft v. Bailey, 25 Iowa, 553, 555; Metzer v. Schnabel, 23 Misc. Rep. 698, 52 N. Y. Supp. 105. "Guest," as the term is used in speaking of a guest of an inn, would include one who resided at a hotel, paying $6 a week for his room, which he had been informed was the regular price to a guest, although he stayed at the hotel for a period of a month. Smith v. Keyes, 2 Thomp. & C. (N. Y.) 650, 651. Mere fixing of the price to be paid does not make the person a boarder, rather than a guest, so as to render the house a boarding house, rather than an inn. In re Brewster, 39 Misc. Rep. 689, 80 N. Y. Supp. 666 (citing Hancock v. Rand, 94 N. Y. 1, 7, 46 Am. Rep. 112). Where a person rented a room, which was cared for by the hotel keeper, but no particular time had been bargained for, though the price had been agreed upon in advance, he was a guest, as far as the liability of the hotel keeper for loss of his effects was concerned. Metzer v. Schnabel, 23 Misc. Rep. 698, 52 N. Y. Supp. 105. Any one away from home, receiving accommodations at an inn as a traveler, is a guest, though he be a townsman or neighbor. Walling v. Potter, 35 Conn. 183, 185. In view of the conflicting definitions given to the word "guest" as it is used in article 5663, supra, by the courts, and in view of the facts of this case, we feel that both justice and common sense dictate that we should hold that appellee E. T. Keough and wife were guests of Hotel Stratford while they occupied rooms therein, and that appellant John Kieffer, has a statutory lien on the property in question, and we therefore so hold.

[3] It may be stated here that the lien given to proprietors of hotels by article 5663, Vernon's Sayles' Statutes, may attach to property in possession of his guests though it belongs to a third person, provided the proprietor of such hotel had no notice of the fact that said property belonged to such third person. Mfg. Co. v. Miller, 52 Minn. 516, 55 N. W. 56, 21 L. R. A. 229, 38 Am. St. Rep. 568, and cases there cited by counsel for appellant. Having concluded that the Stratford Hotel is a "hotel" as that term is used in the statutes, and that appellee E. T. Keough and wife were "guests" of said hotel, as that term is used in said statute, while occupying the rooms therein, we further conclude, under the facts of this case, that appellant, Kieffer, has a lien upon the property in question. We therefore hold that the trial court erred in rendering judgment in favor of E. T. Keough for the title and possession of said property free from appellant's said lien. In view of the fact, however, that appellant, Kieffer, pleaded the appellee, Keough, was indebted to him in the sum of $119 and made no prayer for judgment therefor in the lower court, we are in no position to render judgment therefor in this court, and until appellant recovers judgment for his claim he is not entitled to the establishment of his lien given by the statute to secure the payment of said claim. We therefore do no more than reverse the judgment rendered by the trial court, and here render judgment that appellee, E. T. Keough, recover nothing by his suit, and that the appellant, Kieffer, go hence without day, and that he recover his costs incurred from appellee E. T. Keough.

Reversed and rendered.