HUNTLEY, Appellant, vs. STANCHFIELD and another, Respondents.

*October 9—November 6, 1918.*

*Deeds: Covenant restricting use of building: "Hotel" or lodging house? Action, who may maintain.*

1. A "hotel" is not necessarily a house in which travelers or guests are furnished with food as well as lodging.
2. The owner of two hotel buildings in a city conveyed one of them to plaintiff, with a covenant that the other should not be used as a hotel for fifteen years from the date of the deed. Afterwards the other building was fitted up and opened for the accommodation of the public and of transient guests, who registered as in a hotel and were charged a fixed rate per day, and an office, a lobby, and a parlor for the common use of guests were maintained therein. Persons who lodged in the building regularly for long periods of time were also accommodated. No meals were served in connection with the business. *Held,* that the building was thereby used, not merely as a lodging house, but as a "hotel" and in violation of the restrictive covenant above mentioned.
3. By the inclusion of such restriction in subsequent successive deeds of said other building it became binding upon the grantees thereof and enforceable against them by the plaintiff, for whose benefit the restrictive covenant was first made.

APPEAL from a judgment of the circuit court for Grant county: GEORGE CLEMENTSON, Circuit Judge. *Reversed.*

This action was brought by the plaintiff to restrain the defendants from operating certain property in the city of Platteville as a hotel.

The plaintiff is the owner of the Columbia Hotel in Platteville, which he, with his brother, Scott Huntley, bought in October, 1916, from Louis N. Patnaude and wife. The Patnaudes were owners of another hotel in Platteville,

known as the Republican House, which was used by them to lodge guests when the Columbia Hotel was full. Part of the agreement under which the Huntley brothers purchased the Columbia Hotel from Louis N. Patnaude and wife was that the Republican House should not be operated as a hotel for a period of fifteen years. The deed of the Patnaudes to plaintiff and his brother of the Columbia Hotel property contained the following covenant: "that the said building known as the Republican Hotel shall not be used as a hotel for fifteen years from the date of the execution of this deed." *Murray Huntley* is now the sole owner of the Columbia Hotel.

On December 13, 1916, Louis N. Patnaude, then a widower, sold the Republican House property to Carl F. Barreis and wife, the deed containing a covenant that the property should not be used as a hotel for fifteen years. Carl F. Barreis and wife, on May 23, 1917, deeded the Republican Hotel property to *Nina B. Schultz* and *Nellie E. Stanchfield,* which deed contained a covenant that the property should not be used as a hotel for fifteen years from November 14, 1916.

The complaint alleges that the defendants made improvements in the property and proceeded to open the building as a hotel and to operate it as such in violation of the restrictive covenant in the deed by which the property was conveyed to them, and that the operation and use of the Republican House property (now known as the "Stanchfield") has damaged the business of the Columbia Hotel.

The defendants deny that they have operated the Republican House building as a hotel; or that there was any privity of estate between the plaintiff and Louis N. Patnaude as to the property known as the Republican House at the time the deed to the Columbia Hotel was made. They further allege that neither the provision in the contract for the Columbia Hotel nor the condition named in the deed from Louis N. Patnaude to the plaintiff and Scott Huntley con-

stitutes a covenant running with such land; that the conditions in the contract and deed from Louis N. Patnaude to plaintiff and Scott Huntley are not binding upon defendants.

The trial court found that the defendants had not used the Republican House property as a hotel, but only as a lodging house, and that they had never at any time served meals on the premises, and that there had been no violation of the restrictive covenant in the conveyances.

The judge dismissed the plaintiff's complaint with directions that the defendants recover from the plaintiff their costs and disbursements. Appeal is taken from such judgment.

For the appellant there were briefs by *Grotophorst, Thomas, Rieser & Quale* of Baraboo, and oral argument by *H. H. Thomas.*

For the respondents there was a brief by *Hodson & Hodson* and *M. S. Block,* all of Platteville, and oral argument by *W. T. Hodson.*

SIEBECKER, J.    The trial court found that the defendants as owners of the Republican House property repaired the building "and occupied and used it only as a rooming or lodging house; . . . no meals or lunches of any kind were furnished by them to any persons lodging at said building; . . . that in said city of Platteville and in Southern Wisconsin every so-called hotel is of the character of a common-law inn, namely, a house where a traveler is furnished as a regular matter of business with food and lodging;" that defendants let sleeping rooms to such persons as pleased them and were keepers of a rooming or lodging house; and "that said defendants have never since their occupancy of said Republican Hotel building used said building as a hotel, and that their use of said building is not in violation of the restrictive covenant in said conveyances."

Upon these grounds the plaintiff's complaint was dismissed. The plaintiff assails these conclusions of the trial

court upon the grounds that the undisputed facts show that the business conducted by defendants in the Republican Hotel property constituted a use thereof "as a hotel" and is contrary to the covenants in the plaintiff's and defendants' deeds made pursuant to the agreement of plaintiff and Patnaude, the owner of both properties. This agreement provided that, in consideration of plaintiff's purchase of the Columbia Hotel, the building on defendants' property should not be used as a hotel for fifteen years. The evidence shows without dispute that the Republican Hotel building had been erected and was used as a hotel prior to the time the plaintiff bought and conducted the Columbia Hotel; that plaintiff and Patnaude were agreed that the hotel business of Platteville was not sufficient to financially sustain the operation of both properties as hotels; that the plaintiff, in consideration that no hotel business would be conducted in defendants' building for fifteen years, purchased and operated the Columbia Hotel. The defendants acquired the Republican Hotel property in May, 1917. They fitted out twenty-four of the thirty-two guest rooms for the accommodation of their patrons and guests and conducted the business under the name and style of "The Stanchfield." They conducted this business in the following manner: (1) having a fixed rate of charges per day; (2) having the guests register as is done in the hotel business; (3) maintaining an office and a lobby; (4) maintaining a parlor for the common use of guests; (5) keeping the building open to the public generally; (6) accommodating transient guests. It appears also that the defendants accommodated persons who lodged in the building regularly for long periods of time; that they let a suite of rooms on the third floor to a family to occupy and do housekeeping therein, and that both of the defendants' families lived in the building as their home, and that no meals were served to guests or strangers in connection with this business.

The question arises: Is this use of the building in viola-

tion of the covenants in the deeds forbidding that it be used "as a hotel?" The trial court declared: "That in said city of Platteville and in Southern Wisconsin every so-called hotel is of the character of a common-law inn, namely, a house where a traveler is furnished as a regular matter of business with food and lodging." This view of the law is out of harmony with the fashion of the age in the extensive practice of conducting hotels on the so-called European plan, under which accommodation and entertainment are provided for the public exclusive of meals. It is well known that the practice of not furnishing meals to guests of hotels and inns has become well nigh universal in this country, and that this practice in the conduct of such business has not in law taken such establishments out of the category of hotels and inns and put them into the class of lodging houses. The latter are distinguished from the former in that the keeper specially deals with his customers by contracting personally with the customer for the nature of the accommodation to be provided, the duration of the stay, and exercises the right to reject all applicants at his pleasure. These conclusions find support in the following adjudications: *Metzler v. Terminal H. Co.* 135 Mo. App. 410, 115 S. W. 1037; *Nelson v. Johnson,* 104 Minn. 440, 116 N. W. 828; *Fay v. Pacific I. Co.* 93 Cal. 253, 26 Pac. 1099, 28 Pac. 943; *Kieffer v. Keough* (Tex. Civ. App.) 188 S. W. 44.

The legislation of the state embodying regulation of hotels and inns indicates that this modern hotel business is classed with that of innkeepers. The facts and circumstances of the making of the contract for the conveyance of the Columbia Hotel property by Patnaude and wife to plaintiff and his brother clearly show that the restrictive covenant in the deed was intended to forbid such uses of the defendants' property as are commonly included in the generally accepted meaning of the term "hotel."

It follows that the trial court erred in holding that "every so-called hotel is of the character of a common-law inn,

namely, a house where a traveler is furnished as a regular matter of business with food and lodging." Nor is the court's conclusion that the defendants, "during all of the time they have been in the occupancy of said building, let sleeping rooms to only such persons as pleased them and were merely . . . keepers of a rooming or lodging house," sustained by the facts of the case. As heretofore shown, the character of defendants' business and the manner in which they conducted it show they were offering their accommodation to the public as hotels do and that it constitutes a hotel business in the modern legal sense. It is obvious that this class of business was contemplated by the restrictive covenant in the deeds. The restriction was effectual against Patnaude as owner of the Republican Hotel property and became binding on the subsequent owners by express covenants in the successive deeds, and hence inures to the benefit of the plaintiff as the original party thereto.

If the defendants had restricted their business in this building to that which is recognized in the law as a private boarding- or lodging-house business, it would not have offended against the restrictive covenants as intended by the parties. This field they, however, as above indicated, have transgressed by entering upon the conduct of a "hotel business." It follows that the plaintiff is entitled to judgment restraining defendants from conducting a hotel business in the building referred to as the Republican House, and that the court erred in dismissing the complaint.

*By the Court.*—The judgment appealed from is reversed, and the cause remanded with direction to award judgment in plaintiff's favor as indicated in the opinion.