HUNTLEY, by assignee, Appellant, vs. STANCHFIELD and another, Respondents.

*May 31—July 13, 1921.*

*Injunction: Deeds: Covenants restricting use of property: What constitutes a "hotel:" Who may enforce covenant.*

1. The use of a building which had been formerly a lodging house to accommodate transients with lodging and to serve meals, though a large part of the house was occupied by families and persons as boarders and lodgers of a private lodging and boarding house, constituted use as a "hotel," in violation of an injunction against the owners using the property as a hotel, contrary to their covenant when they purchased the property not to do so.

2. Where the R. hotel was operated in connection with the C. hotel, and on sale of the C. hotel the deed contained a covenant that the R. hotel should not be used as such for fifteen years, such covenant was a condition of the conveyance of the C. hotel and was intended for the benefit of such property; and the vendee, after a repurchase of the C. hotel, could enforce it against the owners of the R. hotel, the restriction being for the benefit of the C. hotel property and appurtenant to it.

3. Such a covenant is not an illegal restraint of trade, as the facts disclose that it was a reasonable one in view of the hotel business in the locality, the situation and objects of the parties, and the circumstances of the transaction.

APPEAL from an order of the circuit court for Grant county: L. H. BANCROFT, Circuit Judge. *Reversed.*

In 1916 *L. N. Patnaude* owned two hotel properties at Platteville, Wisconsin, known respectively as the Columbia Hotel and the Republican House. He operated the Columbia Hotel and used the Republican House as a lodging place for overflow guests of the Columbia Hotel. On October 16, 1916, *Patnaude* entered into a contract with *Murray B. Huntley* and Scott Huntley to convey the Columbia Hotel property to them for the sum of $35,000. The contract contained a provision that the Republican House, owned by *Louis N. Patnaude,* should not be operated as a hotel for fifteen years from the date of the execution of the deed. On January 4, 1917, Scott Huntley and wife conveyed their interest in the Columbia Hotel property to *Murray B. Huntley.* On December 13, 1916, *Patnaude* conveyed the Republican House property to Carl F. Bareis. The conveyance contained a provision that the property should not be used as a hotel for fifteen years from November 14, 1916. On May 23, 1917, Carl F. Bareis and wife conveyed the Republican House property to the defendants, *Nellie E. Stanchfield* and *Nina B. Schultz,* which conveyance contained the provision that the property should not be used as a hotel for fifteen years from November 14, 1916. On August 24, 1917, *Murray B. Huntley* brought action in the circuit court for Grant county to enjoin the defendants from using the Republican House property as a hotel. The circuit court held that, because the proof showed no meals were served to guests, the property was not being used as a hotel and hence there was no violation of the restrictive covenant. Upon appeal this judgment was reversed by the supreme court and judgment was entered enjoining the de-

fendants from using the Republican House property as a hotel.

On September 10, 1919, *Patnaude* repurchased the Columbia Hotel property from the plaintiff and *Huntley* assigned to him all his rights under the judgment, together with the damages sustained by him by reason of the violation of the injunction by the defendants (*Huntley v. Stanchfield,* 168 Wis. 119, 169 N. W. 276).

This proceeding was brought in the circuit court for Grant county upon an order to show cause why the defendants should not be punished for contempt for violation of the injunctional order in the above-mentioned case. The order to show cause was based upon affidavits of *L. N. Patnaude,* Russell Williams, and *Murray B. Huntley,* alleging that the defendants advertise and compete for transient trade for the Republican House property, now known as the Stanchfield Apartments, that a part of the property is occupied by transient guests, and that a grill room is maintained on the premises in which meals are served to guests. The affidavits also assert that the property is being used as and for a hotel. There were affidavits submitted by the defendants denying the fact that the Stanchfield is used for transient guests and as a hotel.

The case was tried upon the affidavits, and the circuit court dismissed the order on the merits. This is an appeal from such order.

For the appellant there was a brief by *Gardner & Gardner* of Platteville and *Olin, Butler, Thomas, Stebbins & Stroud* of Madison, and oral argument by *H. H. Thomas.*

For the respondent *Stanchfield* there was a brief by *Fiedler, Fiedler & Jackson* of Mineral Point, and oral argument by *Raymond T. Jackson* and *E. C. Fiedler.*

SIEBECKER, C. J. The trial court held that the facts shown by the record and affidavits filed in the proceeding do not show that the defendants violated the injunctional

order. made in the original action, and dismissed the order to show cause why the defendants should not be punished for contempt for violating the injunctional order. The plaintiff claims that it is clearly shown by the affidavits that the defendants are using the Republican House as a "hotel." The fact is undisputed that defendants published in a Platteville newspaper a notice inviting the public to patronize "The Stanchfield" as a good place to stay while visiting the Big Badger Fair to be held for four days, requesting advance reservation, and stating that "The Stanchfield" was modern throughout and had "rooms with private bath." The defendants conducted a grill room in the building. It also appears that travelers occupied rooms for a night, for a day and night, or for several days and nights, and that traveling and touring parties secured accommodation for meals and rooms. The use of printed cards to be signed by guests specifying the engagement of rooms for a period of months at a fixed rate per day, but leaving the customer free to leave at any time, constitutes in fact a system of registration equivalent to that of a hotel register. True, a large part of "The Stanchfield" is occupied by families and persons as boarders and lodgers of a private lodging and boarding house, yet the other use of the house is clearly of the nature and kind for which a hotel is used in the sense as defined in *Huntley v. Stanchfield*, 168 Wis. 119, 169 N. W. 276. Such use constitutes a violation of the injunctional order entered in that case. Admittedly *Patnaude* is the present owner of the Columbia Hotel. Is he, as such owner, entitled to the benefits of the restrictive covenants contained in the deeds before this court in the former case of *Huntley v. Stanchfield?* The covenants in the conveyances of the Columbia Hotel to the Huntleys and of the Republican House property (now the Stanchfield Apartments) to the Stanchfields provide "that the said building known as the Republican

Hotel shall not be used as a hotel for fifteen years" from November 14, 1916. In the *Huntley Case* it was held that:

"The restriction was effectual against *Patnaude* as owner of the Republican Hotel property and became binding on the subsequent owners by express covenants in the successive deeds, and hence inures to the benefit of the plaintiff as the original party thereto."

It is now asserted by the defendants that this was a personal covenant in favor of the Huntleys, the purchasers of the Columbia Hotel, and in whose deed the covenant was first inserted. This claim is not well founded. It is manifest that the covenant was intended as a condition of the conveyance of the Columbia Hotel property from *Patnaude* to the Huntleys and was intended for the benefit of the Columbia Hotel property. As declared in *Hodge v. Sloan,* 107 N. Y. 244, 17 N. E. 335:

"The contract was good between the original parties, and it should, in equity at least, bind whoever takes title with notice of such covenant. . . . In order to uphold the liability of the successor in title, it is not necessary that the covenant should be one technically attaching to and concerning the land and so running with the title. It is enough that a purchaser has notice of it." *Boyden v. Roberts,* 131 Wis. 659, 111 N. W. 701.

In the instant case the defendants not only had notice of it, but expressly accepted the conveyance of the Republican House property subject to the restrictive condition for the benefit of the Columbia Hotel property. We think it clear that the restriction is one for the benefit of the Columbia Hotel property and is appurtenant to it and that *Patnaude* acquired the right thereto as vendee of this property from *Huntley.*

The objection to the covenant that it is void upon the ground that it operates as an illegal restraint of trade is

not sustained. On this point the inquiry is, Is the restriction a reasonable one under all the facts and circumstances of the transaction in the light of "the situation, business, and objects of the parties," and was the restriction "for a just and honest purpose, for the protection of the legitimate interests of the party in whose favor it is imposed, reasonable as between them and not specially injurious to the public?" *Cottington v. Swan,* 128 Wis. 321, 107 N. W. 336, and cases there cited.

It is considered that all these considerations are favorably sustained by the facts showing the situation, business, and objects of the parties in view of the nature of the business and the condition of the hotel business in the city of Platteville. It follows that the circuit court erred in dismissing the order to show cause and in holding that the injunctional order entered in the former litigation is not violated.

*By the Court.*—The order appealed from is reversed, and the cause remanded to the circuit court for further proceedings according to law.