STATE OF NEBRASKA, APPELLEE, v. DONALD MANFORD TOWLE, APPELLANT.

249 N. W. 2d 754

Filed January 26, 1977. No. 40804.

Leonard Dunker, for appellant.

Paul L. Douglas, Attorney General, and Ralph H. Gillan, for appellee.

Heard before SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

NEWTON, J.

This action involves monetary charges made against the defendant under a work-release program. Included in the charges was a sum amounting to $5.53 per day for lodging. We modify the order of the District Court to dispense with this item.

Defendant had been sentenced on a burglary charge to serve 60 days in the county-city jail and was granted work release. The jail is the joint property of the county of Lancaster and the city of Lincoln but is operated by the city. The county has contracted to reimburse the city on a daily-rate basis for each prisoner

in order to meet its share of the expense of administration. County prisoners on work release are charged $5.53 per day for lodging but this charge is not made to city prisoners.

The statute, section 47-406, R. R. S. 1943, permits the court by written order to disburse funds collected on work release. It may order the funds applied to a prisoner's board, travel expense, and other incidental expenses. Lodging is a major, not an incidental expense. The term "board" has many connotations and is frequently held to include "lodging." See, Black's Law Dictionary (4th Ed.), p. 219; Heron v. Webber, 103 Me. 178, 68 A. 744; Pollock v. Landis, 36 Iowa 651; In re Doubleday, 159 N. Y. S. 947, 173 App. Div. 739. Its interpretation is often dependent upon statutory construction. It is noted that section 47-307, R. R. S. 1943, provides that when a county and a city unite in the construction and maintenance of a jail, as is true in this instance, the cost of maintenance shall be divided equally except for the cost of providing food for prisoners. It further provides that the cost for city prisoners shall be provided by the city and the cost of county or state prisoners by the county.

Section 47-404, R. R. S. 1943, provides that a prisoner having work-release privileges "shall be liable for such costs incident to his confinement as the court deems appropriate and reasonable," if such are specifically set forth in the order granting work release.

Expenses incurred in the maintenance and administration of a county or city jail are fixed expenses which have no relationship to the number of inmates. These are permanent, major expenses entirely unrelated to the confinement of an individual with work-release privileges. Consideration of the statutes cited leads us to the conclusion that the Legislature intended charges to be made only for items directly attributable to increased expense due to the confinement of the individual prisoner, including such things as food, travel ex-

pense, laundry, etc. The charges made for lodging and administrative expense are unauthorized and the judgment therefor must be reversed.

REVERSED.

SPENCER and CLINTON, JJ., concur in the result.