## JOHN K. ROSS *vs.* ALBERT MELLIN.

### February 11, 1887.

**Innkeeper—What constitutes a Guest—Duration of Sojourn—Agreement as to Price.**—If a person stops at an inn as a traveller, and he is received as such, the relation of innkeeper and guest is immediately established, with all its privileges and liabilities; and, once established, such relation continues as long as he sojourns as a traveller, which is presumed till the contrary appears. The relation is not necessarily and conclusively changed by an agreement as to price, or any definite length of sojourn.

**Same — Guest or Boarder, a Question for the Jury.** — *Held,* that the case made upon the evidence in this action was not so clear that the rela-

tion of the plaintiff had been changed from guest to boarder, as to warrant this court in reversing the decision of the trial court on the question, or in holding that there was no question of fact for a jury in the case.

Action brought in the municipal court of Stillwater, to recover the value of clothing stolen from plaintiff's room in defendant's hotel in that city. The action was tried by the court, and judgment ordered for plaintiff. The defendant appeals from an order refusing a new trial.

*Thompson & Manwaring*, for appellant.

*C. P. Gregory* and *J. N. & I. W. Castle*, for respondent.

VANDERBURGH, J. The sole question to be considered here is whether there is sufficient evidence in the case to support the finding of the trial court that the relation of innkeeper and guest was established and existing between the parties when the goods in question were taken from the room occupied by plaintiff in the defendant's house. The evidence tends to show that the defendant was an innkeeper; that in the same house he carried on the business of a hotel and also a boarding-house; and that the plaintiff came there as a traveller, and was received as a guest on or about the tenth day of February, 1885. Does the evidence in the case conclusively show that the relation of the plaintiff had been changed from guest to boarder at the time the goods were taken, which was about two weeks after his arrival?

It is often a question of no little intricacy to determine who are guests, especially where the hotel is also a boarding-house. If a person puts up at an inn as a traveller, and he is received as such, the relation of innkeeper and guest is immediately established, with all its rights and liabilities; and, once established, neither duration of time, nor a special agreement in respect to price, necessarily changes such relation, which continues so long as the person so received sojourns as a traveller, which is also to be presumed until the contrary appears. *Norcross* v. *Norcross*, 53 Me. 163; *Lusk* v. *Belote*, 22 Minn. 468; *Berkshire Woollen Co.* v. *Proctor*, 7 Cush. 417; 1 Smith, Lead. Cas. (8th Ed.) 412; Story, Bailm. § 477; *Jalie* v. *Cardinal*, 35 Wis. 118, 128; 2 Pars. Cont. 150, 152. And see *Hall* v. *Pike*, 100 Mass. 495.

In the case at bar, plaintiff was not, when he stopped with defendant, a resident of the place. For aught that appears, he may have had a permanent home elsewhere, though he came in search of work. When he first stopped at defendant's house, he left his valise in charge of the clerk, who, a day or two afterwards, took it to plaintiff's room, assuring him it would be safe. After a few days he obtained work, but for what time does not appear. Nor does it appear that he engaged board for any definite time. The defendant testifies that the plaintiff applied for board upon the understanding that his son would pay for it, and that his son's consent to the arrangement was subsequently obtained by letter, but whether before or after defendant left does not appear. His testimony tends very strongly to prove that plaintiff was merely a boarder when he lost his goods, but upon all the evidence we do not find the case so clear as to warrant us in holding, contrary to the finding of the trial court, that he had ceased to be a guest while he was there, or that there was no question in the case for a jury.

Order affirmed.