deed from Mr. Penfield to the village was recorded, there was placed upon record a subsequent deed from Mr. Penfield to the New York, New Haven & Hartford Railroad Company of a portion of his property near the railroad line. This conveyance, being first in order of record, operated to deprive the village of a portion of the proposed highway. It was to protect its right to this property that the railroad corporation appeared in the litigation; but no claim to the premises embraced in its deed seems to have been seriously made upon the trial, nor has any been asserted upon this appeal.

The judgment should be affirmed, with costs. All concur.

(18 App. Div. 12.)

### ODELL v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Second Department. May 11, 1897.)

CARRIERS—INJURY TO PASSENGER—RIGHT TO BE ON TRAIN.

The question whether a person traveling on a ticket issued to a third person, and providing that any "visitor" to his family might travel on it, was such visitor, so as to be entitled to recover for personal injuries caused by the negligent operation of the train, should be submitted to the jury, since it involves the question of good faith in using the ticket.

Appeal from trial term, Westchester county.

Action by Angeline Odell against the New York Central & Hudson River Railroad Company for personal injuries. From a judgment of nonsuit, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

William H. H. Ely, for appellant.
Daniel W. Tears, for respondent.

CULLEN, J. The plaintiff, who had been traveling on a train of the defendant, sought to alight from the train at a station called Ludlow. While alighting, the train moved, the plaintiff was thrown down, and her thigh broken; for which injury she brings this action. It would be profitless to state the details of the occurrence, as, under the testimony of the plaintiff, plainly the case was for the jury, both as to her own freedom from negligence and the negligence of the defendant. The complaint was dismissed, on the ground that the plaintiff was not properly a passenger on the train, and that the defendant did not owe her the duties due a passenger. This question arises out of the character of the ticket upon which she was riding. The defendant had sold one A. R. Heath what is termed a "50-Trip Family Ticket" between New York and Tarrytown, with coupons annexed. On the face of the ticket it is recited:

"Each undetached coupon of this ticket will entitle A. R. Heath, a member of his or her immediate family, or a visitor to or a servant therein to one continuous passage in either direction between New York and Tarrytown."

On the back of the ticket is indorsed:

"Contract.

"In consideration of the reduced rate at which this ticket is sold, the purchaser agrees that its use shall be subject to the following conditions: * * * 2nd. That it will be forfeited if presented for transportation of persons other than those indicated on its face. * * * I hereby agree to the conditions above stated."

This indorsement was subscribed by the purchaser, Heath.

The evidence shows that the plaintiff and her sister were not members of the family of Heath, nor employed as servants therein. They were neighbors of that family, having social intercourse with it, and being in the habit of visiting there. On the day of the accident, the plaintiff and her sister applied to Mrs. Heath for the ticket, which was given to them. They took passage on a train to Yonkers, under instruction from the station agent that at that point they could take another train from there to Tarrytown. In the train they presented the Heath family ticket to the conductor, who took therefrom two coupons, and, as his train did not go beyond Yonkers, gave them train slips to carry them the remainder of their journey. At Ludlow the plaintiff and her sister sought to alight, and the accident occurred. The question whether the plaintiff was a visitor to the family of Heath, within the meaning of this ticket, is not free from doubt. My own opinion concurs with that of the trial judge, that she was not. In this view some of my associates disagree with me. They think that the term "visitor to" includes persons bearing the relation of the plaintiff to the Heath family; that is to say, of visitor, from time to time, in the relation of social intercourse. I cannot deny the technical correctness of that view, if we are limited strictly to the definition of the term "visitor" as given by lexicographers. By Webster a visitor is defined as one who visits or comes or goes to see another, as in civility or friendship. The definitions in other dictionaries are to the same effect. But what this defendant really meant by the term "visitor" was guest, and a guest and a visitor are not synonymous. In the Century Dictionary a guest is defined as a visitor sojourning in the house of or entertained at the table of another. In Worcester's Dictionary it is said: "Every guest is a visitor, but every visitor is not a guest. A visitor simply comes to see a person; a guest partakes of his hospitality." In Webster a guest is defined as "a visitor or friend received and entertained for a short time." While it thus appears that there is a well-marked difference between the meaning of the two words, at the same time they are often colloquially used as interchangeable terms. If we are to give the term "visitor" the broad, though I concede accurate, construction contended for, it seems to me that it would be entirely out of harmony with the general character of the ticket, which is to be limited to a certain class of persons, and not available to every one who might present it. Almost any one might be a visitor in this sense, and the defendant, by the sale of such tickets, would practically set up in the same locality rival ticket offices to compete with and undersell it. I think, therefore, that the class is to be confined to persons visiting the family at the time, and becoming

45 N.Y.S.—30

temporary members thereof as guests. At the same time it must be admitted that the defendant has been unfortunate in its choice of terms. The case would be stronger for it had it even used the word visitor "in" instead of visitor "to."

But though, in our opinion, the plaintiff was not one of the class entitled to use the ticket, it does not follow that she did not become a passenger on the defendant's train, and entitled to protection as such. There are a number of cases cited by the defendant to the effect that in certain cases carriers are not liable for injury by their negligence to persons who are improperly in their vehicles. The general rule is well stated in Hutch. Carr. § 555: "If the person should be upon the conveyance by fraud, or against the express orders of the carrier, who had just cause for refusing to carry him, he would not be entitled to the rights of a passenger." So in Railroad Co. v. Beggs, 85 Ill. 80, it was held that where one obtained a passage on a train by the presentation of a commutation ticket issued to another person, and on its face not transferable, but limited to that person only, he could not recover against the company for injuries received by him. To the same effect is Way v. Railway Co., 64 Iowa, 48, 19 N. W. 828. This is substantially similar to the case first cited. The deceased was traveling on a ticket issued to another at commutation rates, and expressly made nontransferable. The essential feature of these cases was that the party injured had been guilty of a fraud upon the company, and this is the ground on which the decisions proceeded. In Wilton v. Railroad Co., 107 Mass. 108, the plaintiff, a girl of about nine years, was walking, with others of her age, on the bridge, as one of the defendant's cars came along. The girls were invited by the driver to get on the platform, which they did. The plaintiff, while so riding, was injured by the negligence of the driver in the management of the car. It was held that the plaintiff, although she did not intend to pay her fare, was not a trespasser, but entitled to recovery, there being no evidence of collusion between her and the driver to defraud the corporation. In Robostelli v. Railroad Co., 33 Fed. 796, the plaintiff's intestate was riding on a commutation ticket issued to one Rohers. The deceased bought Rohers' house in the suburbs of New York, and the latter gave him his ticket with the house. He had ridden on the ticket several times prior to the occurrence which caused his death. It was held that the fact that the deceased was traveling on a ticket issued to another did not debar the plaintiff from a recovery, if he used it in good faith, claiming to be entitled to passage thereon, and that claim allowed by the conductor; but, to debar a recovery, it was necessary to establish that the action of the deceased was fraudulent, and that he sought to personate the man to whom the ticket was issued. So, also, in Austin v. Railroad Co., 8 Best & S. 327, the plaintiff, over the age of three years, was riding in a train in charge of his mother, without fare. The company was entitled to charge for all children above three years of age. It was held that this did not debar a recovery by the plaintiff, who was injured on the passage. To deprive the plaintiff, therefore, of her right to recovery it was neces-

sary to establish that she was guilty of fraud in presenting the ticket. It certainly could not be held, as matter of law, that the mere presentation of the ticket established this fact. The language of the limitations on the use of the ticket, to say the least of it, is indefinite, and open to different constructions. If we differ among ourselves as to the construction of the limitations, it would be a very hard rule of law to hold the plaintiff to greater knowledge or certainty than we possess. It was a question for the jury to determine whether the plaintiff, in presenting the ticket, acted in good faith, and in the honest belief that she was entitled to ride thereon. If the jury found that fact in her favor, and that the company accepted the ticket, she became a passenger on the defendant's train, entitled to the same protection as that afforded to every other passenger. If she presented the ticket in bad faith, dishonestly, intending to impose on the company, then she was not entitled to protection.

The judgment appealed from should be reversed, and a new trial granted; costs to abide the event.

BARTLETT and BRADLEY, JJ., concur.

HATCH, J. In opinion I agree with Mr. Justice CULLEN as expressed in the last ground discussed by him. Upon the other ground I am not in harmony with his view. The defendant prescribed the limitation upon which it sold the ticket, and its contract should be construed to exclude only such persons as it has expressly named therein, and who come within the letter of the limitation. In this respect I think that it is within the rule of construction applicable to stipulations exempting from all liability arising from any cause whatsoever, which has been held not to embrace an injury arising from negligence. Blair v. Railway Co., 66 N. Y. 313; Mynard v. Railroad Co., 71 N. Y. 180. The company may have intended to use the term "visitor" in the sense of a "guest." If so, the company has not expressed it, and we are only concerned with what is expressed, as the company is limited to that.

The judgment should be reversed, and a new trial granted, with costs to abide the event.

GOODRICH, P. J., concurs.