LANGFORD *v.* ROGERS.

Automobiles—Guest Passenger on Toboggan—Gross Negligence —Wilful and Wanton Misconduct.

> Defendants, driver of car and owner, who attached thereto a bobsled and behind it a toboggan and occupied first position on latter *held*, not liable, as a matter of law, to administratrix of estate of child, riding fourth on toboggan, who was fatally injured when toboggan collided with car traveling in opposite direction, as coasting party was returning from a hill, decedent being a guest passenger within meaning of guest passenger act and no gross negligence or wilful and wanton misconduct on part of driver or host owner being alleged (1 Comp. Laws 1929, § 4648).

Appeal from Kent; Brown (William B.), J. Submitted April 14, 1936. (Docket No. 88, Calendar No. 38,904.) Decided December 28, 1936.

Case by Lolo Langford, administratrix of the estate of Gerald Langford, deceased, against Melvin Rogers and Ward Stauffer for personal injuries sustained while riding on a toboggan towed by a car and colliding with an oncoming car, causing death of plaintiff's decedent. From order dismissing declaration, plaintiff appeals. Affirmed.

*Linsey, Shivel, Phelps & Vander Wal,* for plaintiff.

*Travis, Merrick & Johnson,* for defendant Stauffer.

*Dale Souter,* for defendant Rogers.

Potter, J. Plaintiff, as administratrix of the estate of Gerald Langford, deceased, brought suit against defendants to recover damages for per-

sonal injuries suffered by Gerald Langford result-
ing in his death.

Plaintiff filed a declaration claiming damages in
the sum of $10,000. Each defendant filed a motion
to dismiss—that of defendant Stauffer upon the
ground the declaration did not state a cause of ac-
tion against him; the allegations in the declaration
were insufficient under 1 Comp. Laws 1929, § 4648;
at the time of the accident Gerald Langford was
being transported as a guest and there was no
allegation the accident was caused by gross negli-
gence or wilful and wanton misconduct; the acts of
negligence alleged were ordinary negligence and not
gross negligence or wilful and wanton misconduct,
and did not state a cause of action under 1 Comp.
Laws 1929, § 4648; that at most, this defendant was
charged with acts of ordinary negligence in causing
the death of a guest passenger, which allegations
were insufficient to support a cause of action
under the statute above mentioned. The defendant
Rogers, in his motion to dismiss, alleged substan-
tially the same grounds although stated in different
language. Upon a hearing of these motions to dis-
miss, the trial court dismissed the cause and plain-
tiff brings error.

The only question involved in this case is whether
or not the facts set forth in plaintiff's declaration
are sufficient to bring the case within the guest act,
1 Comp. Laws 1929, § 4648, which provides that no
person, transported by the owner or operator of a
motor vehicle as his guest without payment for such
transportation, shall have a cause of action for dam-
ages against such owner or operator for injuries re-
sulting from accident, unless such accident was
caused by the gross negligence or wilful and wanton
misconduct of the owner or operator of the motor
vehicle.

The declaration herein alleges that prior to January 3, 1936, defendants and others, residents of the village of Sparta, organized a coasting party for the night of January 3, 1936, to which coasting party a number of children were invited, including plaintiff's decedent; that these children, including plaintiff's decedent, met at the home of defendant Rogers; that Rogers was the owner of a Pontiac automobile; that to transport the children to the location where the coasting was to take place, Rogers drove his automobile and behind it attached a four-runner bob-sled, so-called, and a 12-foot toboggan upon which these children were transported; that the parties drove west and then north of Sparta, and then east to a hill where the evening was spent in coasting and tobogganing; that about 10 o'clock that evening, the parties began their return trip, defendant Stauffer driving the automobile on the return trip; that some of the children were riding in the automobile; that behind the automobile was attached, first, the bob-sled, and, behind the bob-sled, the toboggan; that Paul Vincent lay flat on the bob-sled and was its only occupant, while defendant Rogers sat first on the toboggan and plaintiff's decedent was fourth; that as the parties turned east, on a gravel highway known as Highway No. 500, they proceeded toward the village of Sparta for approximately one-half mile at a speed of approximately 25 miles an hour and as they were proceeding downgrade and approaching a turn in the road where it curves to the south, another automobile approached them from the opposite direction; that defendant Stauffer attempted to lessen his speed and suddenly applied the brakes of the automobile; that the surface of the highway was hard-packed snow, and slippery; that by reason of the sudden application of the brakes on the auto-

mobile, the toboggan was caused to slide or slue to the left or to the north and across the center line of the highway and onto the north half thereof and directly into the path of the automobile which was proceeding in the opposite direction; that the driver of the automobile approaching had no opportunity to stop or turn to avoid the toboggan and, as a result, a collision occurred between the oncoming automobile and the toboggan. Plaintiff's decedent was struck and so severely injured that he soon after died. Plaintiff brings this suit as administratrix of his estate.

The negligence alleged is that the automobile was being driven at an excessive rate of speed, greater than was reasonable and proper having due regard to the traffic, surface and width of the highway, and other conditions; that defendants were negligent in driving the automobile at the speed at which it was driven, with the bob-sled and toboggan attached thereto; that defendants were negligent in operating the vehicle as it was operated, considering that children of immature years were being transported on the toboggan; that defendants did not have the automobile under control; that defendants were negligent in stopping the automobile on the grade as the result of which the toboggan slued in front of the oncoming motor vehicle; that defendants were negligent in applying the brakes under the circumstances, in driving the automobile at an excessive rate of speed, in suddenly applying the brakes causing the toboggan to slue across the center line of the highway, and in suddenly slowing down the automobile without giving the occupants of the toboggan any warning of their intention so to do.

The language of the statute is:

"That no person, transported by the owner or operator of a motor vehicle as his guest without

payment for such transportation shall have a cause of action \* \* \* unless such accident shall have been caused by the gross negligence or wilful and wanton misconduct of the owner or operator of such motor vehicle and unless such gross negligence or wilful and wanton misconduct contributed to the injury, death or loss for which the action is brought.'' 1 Comp. Laws 1929, § 4648.

The statute says nothing about the guest passenger riding *in* the automobile. The language of the statute is "no person transported by the owner or operator of a motor vehicle."

When is a person transported? It has been said, a movable article may be moved in two ways: *First,* the movement in one way is expressed by the words ",carry," "convey," or "transport;" *Second,* the movement in the other way is expressed by the words "pull" or "draw," or "push" or "shove." *Chicago, R. I. & P. R. Co.* v. *Petroleum Refining Co.,* 39 Fed. (2d) 629.

"In the one case, the movement is effected by the article being on or in something else, which is moved. It is moved simply by going along with that something else. No force is applied to it to make it move. In the other case the movement is effected by force being applied to the article. \* \* \*

"A car in which goods are loaded bears those goods. It carries, conveys, or transports them." *Chicago, R. I. & P. R. Co.* v. *Petroleum Refining Co., supra.*

If one carries persons in his own conveyance for his own purposes, it is transportation. It is not necessary that the carrier be a public one or that the goods be carried to a particular consignee for a stipulated charge. *People* v. *Ninehouse,* 227 Mich. 480.

The word "transportation" as ordinarily used in connection with the railroad business includes all instrumentalities and facilities of shipment or carriage and all services in connection with the receipt, delivery and handling of the property shipped or carried. *Southern R. Co.* v. *Reid,* 222 U. S. 424 (32 Sup. Ct. 140).

There is no question that under the circumstances, plaintiff's decedent, riding on the toboggan hitched to the bob-sled attached to the automobile, was being transported. There is no claim plaintiff's decedent was being transported in the automobile.

Plaintiff's decedent being one who was being transported, the question arises whether he was being transported within the meaning of the statute. The language of the statute excludes the right of recovery by or on behalf of persons being transported by "the owner or operator of a motor vehicle as his guest without payment for such transportation." There is no claim plaintiff's decedent was paying for his transportation.

The owner of a motor vehicle owes no special duty to one who is being transported by stealth, *Chicago & Alton R. Co.* v. *Michie,* 83 Ill. 427, or who is a mere trespasser, *Muehlhausen* v. *Railroad Co.,* 91 Mo. 332 (2 S. W. 315), except to refrain from gross negligence or wilful or wanton misconduct, *Trudell* v. *Railway Co.,* 126 Mich. 73 (53 L. R. A. 271). Where a boy was stealing a ride on a locomotive, this court said:

"If permission was granted or implied by the action of the defendant's employees, the boy could not, in my opinion, be a trespasser." *Ecliff* v. *Railway Co.,* 64 Mich. 196.

Plaintiff's decedent was not a trespasser. He was on the toboggan with the express or implied consent

of the owner or operator of the automobile. He was not a paying passenger. He was one of those who had attended the coasting party and was being transported, without the payment of compensation, by the driver of the motor vehicle. He was a person to whom the hospitality or accommodation of being hauled home on his toboggan was being extended by the operator.

A "guest" within the meaning of the Michigan statute here involved may be defined as one who is carried or transported by the owner or operator of the motor vehicle, whether by express invitation or by implied consent or invitation. So long as the party transported accepts the hospitality of the owner or driver, or is carried or transported by reason of an implied invitation of such owner or operator of the motor vehicle, as in this case, for his own entertainment, pleasure and enjoyment, without compensating the owner of the vehicle, he is a guest within the meaning of the statute. Plaintiff's decedent was one of the members of the coasting party which was being hauled home by the owner or operator of the motor vehicle in question. He was one who took part in the party. Webster defines a party:

"A company or association of persons * * * a temporary company for doing some particular thing, as traveling together, fishing, being socially entertained, attending the theater, etc." Webster's New International Dictionary (2d Ed.), p. 1784.

Friends of a tenant's family who called or visited at the tenant's home without express invitation so to do have been held to be guests of the tenant upon the doctrine of implied invitation. *Butler* v. *Watson*, 193 Mich. 322 (16 N. C. C. A. 1013). And a

child one year old left by her mother to be cared for by her grandparents while the mother worked has been held to be a guest. *Butler* v. *Watson, supra.*

The old definition of a guest as a visitor sojourning in the house or entertained at the table of another, *Odell* v. *Railroad Co.,* 18 App. Div. 12 (45 N. Y. Supp. 464); *State* v. *Johnson,* 4 Wash. 593 (30 Pac. 672); *McDaniels* v. *Robinson,* 26 Vt. 316 (62 Am. Dec. 574); *McDonald* v. *Edgerton,* 5 Barb. (N. Y.) 560; *Johnson* v. *Reynolds,* 3 Kan. 257; *Jalie* v. *Cardinal,* 35 Wis. 118; *Pinkerton* v. *Woodward,* 33 Cal. 557 (91 Am. Dec. 657); *Shoecraft* v. *Bailey,* 25 Iowa, 553; *Metzger* v. *Schnabel,* 23 Misc. 698 (52 N. Y. Supp. 105); *Fay* v. *Pacific Improvement Co.,* 93 Cal. 253 (26 Pac. 1099, 28 Pac. 943, 16 L. R. A. 188, 27 Am. St. Rep. 198); *Meacham* v. *Galloway,* 102 Tenn. 415 (52 S. W. 859, 46 L. R. A. 319, 73 Am. St. Rep. 886); *Curtis* v. *Murphy,* 63 Wis. 4 (22 N. W. 825, 53 Am. Rep. 242); *Mason* v. *Thompson,* 9 Pick. (26 Mass.) 280 (20 Am. Dec. 471); *Ross* v. *Mellin,* 36 Minn. 421 (32 N. W. 172), has little or no application to its meaning in this act.

The California statute, somewhat analogous, provides:

"The term 'guest' is hereby defined as being a person who accepts a ride in any vehicle without giving compensation therefor." (California Stats. 1929, p. 1580.)

This statute is different from the Michigan act: *First,* because it provides "as being a person who accepts a ride in any vehicle;" and *second,* it covers persons riding "without giving compensation therefor"—instead of "without payment for such transportation" as does the Michigan act.

The California statute was before the court of appeals of that State in *Crawford* v. *Foster,* 110 Cal. App. 81 (293 Pac. 841), in a case involving whether a person to whom an automobile was being demonstrated by a salesman was a guest within the meaning of the California act. It was held in that case that "the taking of a demonstration of an automobile, with its accompanying possibilities of profit, would not only seem to be a benefit to the dealer, but a return fully proportionate to any benefit conferred on the prospect." In the discussion of that case, the court attempted to define who was a guest within the meaning of the statute. It was said:

"We think the meaning of the language used is, that a guest is one who is invited, either directly or by implication, to enjoy the hospitality of a driver of a car; who accepts such hospitality; and who takes a ride either for his own pleasure or on his own business, without making any return to or conferring any benefit upon the driver of the car other than the mere pleasure of his company."

This definition of a guest passenger in a motor vehicle was followed in *Smith* v. *Fall River Joint Union High School District,* 118 Cal. App. 673 (5 Pac. [2d] 930); *Sullivan* v. *Richardson,* 119 Cal. App. 367 (6 Pac. [2d] 567); *Sumner* v. *Edmunds,* 130 Cal. App. 770 (21 Pac. [2d] 159); *Rocha* v. *Hulen,* 6 Cal. App. (2d) 245 (44 Pac. [2d] 478); *Piercy* v. *Zeiss,* 8 Cal. App. (2d) 595 (47 Pac. [2d] 818); *Parrett* v. *Carothers,* 11 Cal. App. (2d) 222 (53 Pac. [2d] 1023); and many other cases.

Plaintiff's decedent fastened his toboggan to the bob-sled and was towed by the motor vehicle at the implied invitation of the owner or operator of the vehicle. He gratefully accepted the friendly indul-

gence and kindness of the driver of the motor ve-
hicle as a means of conveyance rather than to walk.
He rode the toboggan so attached for his own pleas-
ure, for his own purposes, without making any re-
turn to or conferring any benefit upon the driver of
the motor vehicle. He was a grateful recipient of
the natural and acceptable generosity of the driver
thereof. Plaintiff's decedent was a guest within
the meaning of the Michigan statute. He was a
person "transported by the owner or operator of a
motor vehicle as his guest without payment for such
transportation," 1 Comp. Laws 1929, § 4648, and
as such, by the express terms of the statute, his per-
sonal representative is denied a right of action ex-
cept for gross negligence or wilful and wanton mis-
conduct of the owner or operator of such motor
vehicle causing decedent's death. Such gross negli-
gence or wilful and wanton misconduct is not claimed
or proved.

Other principles involved have been discussed in
*Oxenger v. Ward,* 256 Mich. 499; *Finkler v. Zimmer,*
258 Mich. 336; *Bobich v. Rogers,* 258 Mich. 343;
*Riley v. Walters,* 277 Mich. 620; and the cases cited
therein. The trial court arrived at a correct conclu-
sion.

Judgment affirmed, with costs.

BUTZEL, SHARPE and TOY, JJ., concurred with
POTTER, J. WIEST, J., concurred in the result.

FEAD, J. (*concurring.*) I concur under the facts
here presented, particularly that the owner of the
automobile provided and attached the sled and
toboggan to the car, invited plaintiff's decedent and
others to ride thereon, and the accident occurred in
the course of a planned coasting party in which the

defendants were clearly hosts and the children were guests; and that it is not claimed that the declaration sets up a case of gross negligence or wilful and wanton misconduct.

NORTH, C. J., and BUSHNELL, J., concurred with FEAD, J.