**Rector CARPENTER, Appellant,**

v.

**Elbert EVANS et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 14, 1962.

Cleon K. Calvert, Pineville, Carlos B. Pope, J. B. Campbell, Barbourville, for appellant.

Lester L. Parrott, Pineville, Francis M. Burke, F. Dale Burke, Pikeville, for appellees.

STEWART, Chief Justice.

This litigation concerns the ownership of three grants of land made by the Commonwealth to Aaron Edwards, late of Knox County. The action was filed by some of his heirs at law as a class action for themselves and for the benefit of all other heirs of the decedent, his progeny being too numerous to ascertain (about 140) and too scattered to be brought into court as parties.

On December 31, 1957, the Knox Circuit Court (Ray C. Lewis, Circuit Judge) entered findings of fact, conclusions of law and judgment, decreeing the plaintiffs, who are appellants herein, to be the owners of the lands in controversy.

On January 8, 1958, the defendants, now appellees herein, pursuant to CR 52.02, CR 59.01, and CR 59.07, filed their motion requesting the trial court to amend the findings of fact and conclusions of law, set aside the judgment, and enter new findings and conclusions and judgment, and, in addition, to grant them a new trial.

Briefs were filed, oral arguments were heard, and on August 27, 1958, the Knox Circuit Court (S. B. Knuckles, Circuit Judge) sustained the motion of appellees. The court made new findings and conclusions in direct conflict with the first findings and conclusions and, in consequence thereof, entered judgment for appellees.

The new judgment did not in specific terms set aside the earlier findings, conclusions and judgment. Appellees have filed a motion under CR 60.02 for leave to apply to the circuit court to correct such failure on the part of the trial court. This Court heretofore passed the motion to the merits.

█ The question presented on this appeal is whether the trial court, where a timely motion was filed under CR 52.02, CR 59.01, and CR 59.07, has the authority to reverse earlier findings and conclusions and enter new findings and conclusions and judgment. Appellant says no; appellees say yes. The correctness of the trial court's last findings and conclusions is not raised.

CR 52.02 reads:

"Not later than 10 days after entry of judgment the court of its own initiative, or on the motion of a party made not later than 10 days after entry of judgment, may amend its findings or make additional findings and may amend the judgment accordingly.

The motion may be made with a motion for a new trial pursuant to Rule 59. When findings of fact are made in actions tried by the court without a jury, the question of the sufficiency of the evidence to support the findings may thereafter be raised whether or not the party raising the question has made in the trial court an objection to such findings or has made a motion to amend them or a motion for judgment or a motion for a new trial."

This Rule is substantially the same as F.R.Civ.P. 52(b). In Bender's Federal Practice Manual under Federal Rule 52(b), on page 415, this language appears:

"A motion for amendment of findings should be limited to modification of the judgment entered or to amplification or expansion of the facts found. *It is not proper for the moving party to seek a reversal of the judgment en-* *tered or a finding of contrary facts."* (Emphasis added) (3 cases are cited thereunder.)

Appellant relies on this interpretation.

Appellee cites Russell's Practice and Procedure where this Committee note follows Rule 52.02.:

"This Rule has the effect of allowing a court to reverse itself upon timely motion without the necessity for the granting of a new trial where there has been no consideration by a jury."

According to Clay's Comments on CR 52.02, a motion made thereunder may be joined with a motion for a new trial under Rule 59.01. This was done in the present case, setting out as grounds for a new trial that the original findings, conclusions, and judgment were not supported by the evidence or the law applicable thereto.

CR 59.07 reads:

"On motion for a new trial in an action tried without a jury, the court may grant a new trial or it may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and enter a new judgment."

Clay's Comments on this Rule are stated thus on page 527:

"It [CR 59.07] authorizes the court to take alternative action other than ordering a new trial when such a motion is made. The Rule relates to actions tried by the court without a jury, and a motion for a new trial may be converted into a request to take appropriate action under the circumstances. The court may either (1) grant a new trial or (2) enter a new judgment without a complete new trial. * * * This Rule is complementary to Rule 52.02."

█ CR 59.07 is a broad and sweeping grant of power to the trial court to grant

a new trial or, alternately, to enter new findings, conclusions and judgment where the dictates of justice require, if, as occurred here, the action was tried without a jury. This Rule supports the action taken.

Appellant suggests that the first findings, conclusions and judgment are res judicata of the issues between the parties. Obviously this argument is without merit for the reason that, under the motion filed, the trial court, still retaining complete control over the case, was empowered to pursue the very course it followed.

The omission of the trial judge to set aside the first judgment appears to have arisen from oversight. Under CR 60.01 such an error may be corrected on motion.

Wherefore, the judgment is affirmed.