**MITCHELL COAL COMPANY, Incorporated, Plaintiff-Appellant,**

v.

**UNITED MINE WORKERS OF AMERICA, Defendant-Appellee.**

No. 14905.

United States Court of Appeals
Sixth Circuit.
Feb. 14, 1963.

Robert T. Winston, Norton, Va., and Joseph K. Beasley, Harlan, Ky., for appellant.

Grant F. Knuckles, Pineville, Ky. (Willard P. Owens, Washington, D. C., Grant F. Knuckles, W. R. Lay, Pineville, Coleman Moberly, London, Ky., on the brief), for appellee.

Before McALLISTER and WEICK, Circuit Judges, and BOYD, District Judge.

WEICK, Circuit Judge.

The action in the District Court was to recover compensatory and punitive damages against United Mine Workers of America for breach of the "settlement of disputes" section of the National Bituminous Coal Wage Agreement in force between the parties and for malicious interference with plaintiff's employees and its contractual relations with them which resulted in damage to personal property and loss of profits.

Plaintiff, a corporation, was lessee of the personal property for coal mining purposes for a period of five years. It was responsible for the upkeep and care of the property and was required to surrender it at the expiration of the lease to the lessor in as good condition as when received, ordinary wear and tear excepted.

The case was tried before a jury and at the conclusion of plaintiff's evidence the defendant moved for a directed verdict on a number of grounds.

The trial judge granted the motion on the sole ground that plaintiff did not own the personal property and could not recover damages, stating in part as follows:

"The Court: Gentlemen, I am of the opinion that the only serious trouble here is whether they have established a right to damages. What proof have you established to show that you are entitled to damages? You don't think that the corporation has the right to recover damages against the United Mine Workers for the value of property that it didn't own, sustained in the way of injury, do you? Did you ever see any case that awarded the right to the lessee to sue for the lessor?"

The court also held that plaintiff had not established loss of profits by the requisite proof.

We think that the learned trial judge overlooked the proposition that the lessee was in legal effect a bailee of the leased personal property.

■ The general rule is that a bailee may maintain an action for damages to the bailed property against a wrongdoer who commits the damage. The Beaconsfield, 158 U.S. 303, 307, 15 S.Ct. 860, 39 L.Ed. 993; Bradley v. St. Louis Terminal Warehouse Co., 189 F.2d 818 (C.A.8); The W. C. Block, 71 F.2d 682 (C.A.2), cert. denied 293 U.S. 579, 55 S.Ct. 91, 79 L.Ed. 676; 32 Am.Jur., Landlord & Tenant § 168, p. 162; 6 Am.Jur., Bailments §§ 302, 330; 8 C.J.S. Bailments § 39b, p. 474. This would appear to be the law of Kentucky. Illinois Central Ry. Co. v. Matthews, 114 Ky. 973, 72 S.W. 303, 60 L.R.A. 846.

■■ We think the evidence on the subject of loss of corporate profits was insufficient to warrant the trial court in submitting that issue to the jury. The corporation had been in business only a few months and had operated at a loss before the happening of the events complained of here. There was no showing that it could have operated at a profit.

Even under the liberal rule in Story Parchment Co. v. Paterson Parchment Paper Co., 282 U.S. 555, 51 S.Ct. 248, 75 L.Ed. 544 the loss of profits must be established by at least a reasonable probability and not on sheer speculation and guesswork. However, since this case will have to be retried, plaintiff may be able to produce additional evidence.

Defendant urges other grounds to sustain the judgment. In view of the fact that the District Judge disposed of the case solely on the ground that plaintiff was not damaged and did not pass upon the other grounds, we think these issues would best be determined in the District Court upon the retrial of the case.

The judgment of the District Court is reversed and the cause is remanded for a new trial.