Patricia Spracher BALDWIN, Plaintiff-Appellant,

v.

John L. HILL, Defendant-Appellee.
Betty Lou MERNATTI, Plaintiff-Appellant,

v.

John L. HILL, Defendant-Appellee.

Nos. 14908, 14909.

United States Court of Appeals
Sixth Circuit.

April 6, 1963

John R. Perry, Detroit, Mich., for appellants, Marvin E. Larivee, Detroit, Mich., on the brief.

Albert A. Miller, Detroit, Mich., for appellee, Garan, Lucow & Miller, Detroit, Mich., on the brief.

Before WEICK and O'SULLIVAN, Circuit Judges, and BOYD, District Judge.

O'SULLIVAN, Circuit Judge.

Plaintiffs-appellants, Patricia Spracher Baldwin and Betty Lou Mernatti, were injured while riding as passengers in an automobile driven by defendant-appellee, John L. Hill. The automobile was owned by Betty Mernatti's father. The injured girls each brought suit against the driver, Hill. The cases were consolidated for trial. The District Judge held, as a matter of law, that plaintiffs were guest passengers of the defendant. He, accordingly, instructed the jury that they were required to prove that defendant was guilty of gross negligence or wilful and wanton misconduct (C.L.Mich.1948, § 257.401, M.S.A. § 9.2101 [Pub.Acts 1949, No. 300]). The jury returned a verdict of no cause for action against both plaintiffs. These appeals followed, that of Mernatti challenging the applicability of the Michigan "guest passenger statute" to her case, and that of Baldwin raising a question of trial practice. The accident happened in Michigan, and its law controls this diversity action.

On the day of the accident, the girls went riding together in an automobile owned by Betty Mernatti's father. Betty was driving the car with Patricia riding in the front seat. The girls drove to a service station, where Betty purchased some gasoline. They then drove to an Army base in the City of Detroit. There they were joined by defendant Hill and another young man, both soldiers at the Army base. Hill got into the front seat and took over the driver's position from Betty Mernatti. The other young man got into the rear seat, and plaintiff Baldwin moved back to join him there. Betty, although giving up control of the vehicle to Hill remained in the front seat. Betty testified that Hill requested and was

given her permission to drive the car. Hill could not recall this. Whether or not he asked permission to drive the automobile is not material to our disposition of the issues presented. It is clear that he drove the vehicle with the consent, express or implied, of Miss Mernatti.

After seating themselves as above recited, the young people went for a drive. On their return trip to the Army base, the accident which caused the injuries to plaintiffs occurred. Divergent views of the cause of the accident are presented by the claims and testimony of the parties. Betty Mernatti testified that when they had returned to the base, Hill noticed a fellow soldier, one Sergeant Gauthier, standing in the middle of the road and decided to play a game of "chicken" with this man. According to her testimony, Hill accelerated the car forward toward Gauthier at a speed of 35 to 40 miles per hour, and when it appeared that Gauthier would not move from the path of the car, Hill swerved the vehicle to avoid hitting him and ran the car into a telephone pole. Hill denied this version of the accident and testified that he had been proceeding in a reasonable manner down the road when suddenly Gauthier leaped into the path of the car and it was only to avoid this emergency situation that he swerved the car and hit the telephone pole. Because we hold that Betty Mernatti was not a guest passenger of defendant Hill, we reverse and remand Case No. 14909.

1. *Was plaintiff-appellant Mernatti a guest passenger within the meaning of M.S.A. § 9.2101 while riding in an automobile of which she was the bailee?*

The above statute, in pertinent part, provides:

"Provided, however, That no person, transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been caused by the gross negligence or wilful and wanton misconduct of the owner or operator of such motor vehicle and unless such gross negligence or wilful and wanton misconduct contributed to the injury, death or loss for which the action is brought."

Under Michigan law, whether a person is a "guest" within the meaning of the "guest act" is a question of fact *if the evidence as to the nature of the relationship between the parties is in conflict or is susceptible of different constructions.* Crook v. Eckhardt, 281 Mich. 703, 711, 275 N.W. 739; Hall v. Kimball, 355 Mich. 333, 336, 94 N.W.2d 817. In this case, however, the facts from which the question of host-guest relationship arises are not in dispute. It is only the legal effect of the facts which is at issue here.[1] We consider, then, whether plaintiff Mernatti, as a matter of law, was, or was not, a "guest" of defendant while riding in the automobile of which she was the bailee.

There are few reported cases which consider this and related questions. See Annotation, 65 A.L.R. (2) 312. Our research does not disclose a Michigan case which has decided this question. The case which seems to be most nearly in point is Collie v. Aust, 173 Cal.App.2d Supp. 793, 342 P.2d 998 (1959). In that case, the plaintiff borrowed a jeep from the owner to take on a hunting trip. While he was on such trip, plaintiff allowed the defendant, one of his companions, to drive the jeep. While defendant was operating the vehicle, an accident occurred with resultant injuries to plain-

---

1. The District Judge treated the question as one of law. In this he was correct, but we come to an opposite legal conclusion. Treating the question as one of law obviates our discussing appellant's contention that the question of whether she was a guest should have been submitted to the jury, with the burden of proof cast upon defendant. (See Baker v. Costello, 300 Mich. 686, 689, 2 N.W.2d 881; Bredeweg v. Boyce, 322 Mich. 298, 301, 33 N.W.2d 801, as to the question of burden of proof.)

tiff. In holding that plaintiff was not a guest within the meaning of the California "guest act" the court said:

> "Neither was the plaintiff the guest of Aust. He did not accept a ride from Aust. His situation is similar to that of an owner who has been held not to be the guest of the driver while riding in his own car." 342 P.2d at 999.

As the California court noted, the majority of the decided cases hold that the owner of an automobile is not the guest of the driver while riding in his own car. Gledhill v. Connecticut Co., 121 Conn. 102, 183 A. 379 (1936); Lorch v. Eglin, 369 Pa. 314, 85 A.2d 841 (1952); Ahlgren v. Ahlgren, 152 Cal.App.2d 723, 313 P.2d 88 (1957); Naphtali v. Lafazan, 7 Misc.2d 1057, 165 N.Y.S.2d 395 (1957) affirmed 8 A.D.2d 22, 186 N.Y.S.2d 1010; Leonard v. Helms, 269 F.2d 48 (C.A.4, 1959); Parker v. Leavitt, 201 Va. 919, 114 S.E.2d 732 (1960); Henline v. Wilson, 111 Ohio App. 515, 174 N.E.2d 122 (1960), (motion to certify to Supreme Court of Ohio overruled 1960); Peterson v. Winn, 84 Idaho 523, 373 P.2d 925 (1962). See Annotation, 65 A.L.R.2d 312. The rationale underlying these decisions is that the host-guest relationship is dependent in large measure upon the furnishing of hospitality by the host to the guest. Since the owner-passenger is the one extending the hospitality—furnishing the mode of transportation—to the driver, the owner-passenger is the host and the driver is the guest. There are two cases which hold contrary to the majority view. Phelps v. Benson, 252 Minn. 457, 90 N.W.2d 533 (1958)[2]; Murray v. Lang, 252 Iowa 260, 106 N.W. 2d 643 (1960). One court has held that the question of whether a boy, who was a passenger in his father's automobile, while it was being driven by another person, was a guest of the driver, was a question of fact to be decided by the jury under the facts presented in that case. Richards v. Eaves, 273 Ala. 120, 135 So.2d 384 (1961).

While, under Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L. Ed. 1188, we are not required to speculate as to how the Michigan Supreme Court would rule were the question presented to it initially, New England Mutual Life Ins. Co. v. Mitchell, 118 F.2d 414, 420 (C.A.4, 1941), we are to determine the question of state law before us "from all the available data," West v. American Tel. & Tel. Co., 311 U.S. 223, 237, 61 S.Ct. 179, 85 L.Ed. 139, including related decisions of the Michigan courts. Yoder v. Nu-Enamel Corp., 117 F.2d 488, 489 (C. A.8, 1941). See, generally, 1A Moore's Federal Practice, pp. 3312–3314, 3328–3330. The Michigan Supreme Court has not yet ruled upon the question presented for decision. We are satisfied, however, that our decision here will not be inconsistent with Michigan cases which have construed its guest-passenger statute.

That statute, being in derogation of the common law, must be strictly construed. Hunter v. Baldwin, 268 Mich. 106, 109, 255 N.W. 431. In Langford v. Rogers, 278 Mich. 310, 270 N.W. 692, in an opinion which dealt primarily with the question of whether one riding on a toboggan, being towed by defendant's automobile, was "transported" within the meaning of the "guest act," the Supreme Court of Michigan took occasion to define the word "guest" as follows:

> "A 'guest' within the meaning of the Michigan statute here involved may be defined as one who is carried or transported by the owner or operator of the motor vehicle, whether by express invitation or by implied consent or invitation. *So long as the party transported accepts the hospitality of the owner or driver, or is carried or transported by reason of an implied invitation of such owner or operator of the motor vehicle, as in this case, for his own entertainment, pleasure, and enjoyment, without compensating the owner of the vehicle, he is a guest within the*

---

**2.** In Leonard v. Helms, 269 F.2d 48 (C.A. 4, 1959), the court criticized this decision and refused to follow it.

*meaning of the statute."* (Emphasis added) 278 Mich. at 316, 270 N.W. at 695.

Thus, the definition of "guest" turns upon the giving and the accepting of hospitality. See also, Castle v. McKeown, 327 Mich. 518, 520, 42 N.W.2d 733. Under the facts before us, there can be no doubt but that the hospitality flowed from plaintiff to defendant. She furnished the vehicle, paid for the gasoline used in it, and permitted defendant to drive it. There was testimony also that she had made most of the payments toward the purchase price of the automobile, although, under Michigan law, M.S.A. § 9.1837(b), her father, the title holder, was the owner of the vehicle. We hold that under these circumstances reasonable minds could come to no other conclusion but that plaintiff was the "host" rather than the "guest" within the meaning of M.S.A. § 9.2101.

■ The fact that plaintiff was the bailee rather than the owner of the vehicle would seem to make no difference to the law of this case. While it is true that a bailee does not have title to the bailed chattels, still he has a possessory interest in them. He may recover damages for injury done to the property and has other possessory rights. With respect to third persons, he stands in the place of the owner. See, Mizner v. Frazier, 40 Mich. 592, 594; *Mitchell Coal Co., Inc. v. United Mine Workers,* 313 F.2d 78 (C.A.6, 1963); *United States v. Atlantic Coast Line R. Co.,* 206 F. 190, 202 (E.D. N.C.1913). The Restatement of the Law of Torts, § 490, comment a, seems to be in accord with our holding in this regard.[3] Defendant relies upon the case of *Sherman v. Korff,* 353 Mich. 387, 91 N.W. 2d 485, to support his contention that plaintiff was a "guest." That case dealt with the question whether the negligence of the driver of a car of which he was a joint owner could be imputed to the injured passenger, the other joint owner and spouse of the driver, and is inapplicable here.

■■ 2. *Was prejudicial error committed in allowing cross-examination of plaintiffs concerning the prior conduct of defendant?*

On cross-examination, defense counsel was permitted, over objection, to question each plaintiff as to the manner in which defendant Hill had operated the same automobile on the Thursday before the accident. Plaintiff Baldwin testified in response to these questions that she could remember no "incident with regard to his driving" on that occasion. Plaintiff Mernatti's response, when asked if her answers to these same questions would be any different than those given by Baldwin, was that, "they were all the same." While it is generally true that evidence of prior conduct of the defendant in a negligence case is inadmissible. *People v. Thompson,* 122 Mich. 411, 425–429, 81 N.W. 344; *Adams v. Detroit Electric Railway,* 129 Mich. 291, 294, 88 N.W. 634, we do not believe that any substantial rights of plaintiffs were prejudiced by the questions asked or the answers given. Rule 61, F.R.Civ.P.; *Phillips v. Kitt,* 110 U.S.App.D.C. 186, 290 F.2d 377, 378 (C.A.D.C., 1961); *Leitelt Iron Works v. De Vries,* 369 Mich. 47, 55, 119 N.W.2d 101 (1963).

Inasmuch as plaintiff-appellant Baldwin claims error only on the alleged improper cross-examination, the judgment as to her in Case No. 14908 is affirmed. The judgment as to plaintiff-appellant Mernatti in Case No. 14909 is reversed and a new trial ordered. If the evidence presented on retrial is not different than the first trial, the case should be submitted to the jury without involvement of the Michigan guest-passenger statute.

The causes are remanded for proceedings consistent with this opinion.

---

**3.** "The word 'guest' is used to denote one whom the owner or *possessor* of a motor car or other vehicle invites or permits to ride with him as a gratuity, that is, without any financial return except such slight benefits as it is customary to extend as part of the ordinary courtesies of the road." Restatement of the Law of Torts, § 490, comment a. (Emphasis supplied.)